IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAVID GUTIERREZ,<br><br>                Petitioner,<br><br>  vs.<br><br>JAMES A. YATES,<br><br>                Respondent. | No. C 07-3668 RMW (PR)<br><br>ORDER GRANTING PETITIONER'S MOTIONS TO PROCEED IN FORMA PAUPERIS; DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE; ORDER TO SHOW CAUSE<br><br>(Docket Nos. 2, 3, 5) |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and two motions to proceed in forma pauperis. Additionally, petitioner has filed a motion for appointment of counsel. The court concludes that petitioner has shown good cause to proceed in forma pauperis and will GRANT petitioner's motions (docket nos. 2, 5). The court will DENY petitioner's motion for appointment of counsel (docket no. 3) without prejudice. The court orders respondent to show cause why a writ of habeas corpus should not be issued.

///

///

Order Granting Petitioner's Motions to Proceed in Forma Pauperis; Denying Motion for Appointment of Counsel Without Prejudice; Order to Show Cause
P:\pro-se\sj.rmw\hc.07\Gutierrez668ifposc       1

## I. BACKGROUND

Petitioner was convicted by a Santa Clara Superior Court jury of car jacking (Cal. Penal Code § 215) and assault with a deadly weapon (Cal. Penal Code § 245(a)(1)). Petitioner's sentence was enhanced for his two prior felony convictions pursuant to California Penal Code section 667(a). Petitioner was sentenced on February 17, 2005 to a term of twenty-six years in state prison. On November 20, 2006, the state appellate court affirmed petitioner's conviction and stayed the enhancement on count two pursuant to California Penal Code section 12022.7. The state supreme court denied a petition for review on February 7, 2007. The instant petition was filed on July 17, 2007.

## II. DISCUSSION

A.    The Merits

    **1.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

    **2.    Petitioner's Claims**

As grounds for federal habeas relief, petitioner alleges: (1) petitioner's federal constitutional right to due process was violated when the trial court improperly allowed the testimony that Mr. Lionetti had identified petitioner in person, in a one-person show up at the hospital, which was erroneously admitted over objection in violation of his right to confrontation; (2) petitioner's federal constitutional right to due process was violated when the trial court erred in excluding evidence which provided an alternative reason for petitioner to avoid contact with the police on January 7, 2004; and (3) the cumulative

errors were prejudicial. Liberally construed, petitioner's allegations are sufficient to require a response. The court orders respondent to show cause why the petition should not be granted.

B.    Motion for Appointment of Counsel

Petitioner moves the court for appointment of counsel in this habeas action because he is indigent, the issues involved are complex, and he is a layman at law. See Pet.'s Mot. at 3-4. Petitioner maintains that counsel is necessary to prepare a traverse to respondent's answer and to appear for oral arguments. Id. at 4.

However, the Sixth Amendment's right to counsel does not apply in habeas corpus actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). While 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner if "the court determines that the interests of justice so require," the courts have made appointment of counsel the exception rather than the rule. Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965).

At present, the court has ordered briefing on relatively straightforward issues and no evidentiary hearing appears necessary. Accordingly, the court concludes that appointment of counsel is not necessary at this time. Petitioner's motion for appointment of counsel (docket no. 3) is DENIED without prejudice.

### III. CONCLUSION

1.    Petitioner's motions to proceed in forma pauperis (docket nos. 2, 5) are GRANTED.

2.    Petitioner's motion for appointment of counsel is DENIED without prejudice.

///

///

Order Granting Petitioner's Motions to Proceed in Forma Pauperis; Denying Motion for Appointment of Counsel Without Prejudice; Order to Show Cause
P:\pro-se\sj.rmw\hc.07\Gutierrez668ifposc        3

1    3.    The clerk shall serve by mail a copy of this order and the petition
2 and all attachments thereto upon the respondent and the respondent's attorney, the
3 Attorney General of the State of California.  The clerk shall also serve a copy of this order
4 on the petitioner.

5    4.    Respondent shall file with the court and serve on petitioner, within **sixty**
6 **days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the
7 Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should
8 not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all
9 portions of the underlying state criminal record that have been transcribed previously and
10 that are relevant to a determination of the issues presented by the petition.

11    If petitioner wishes to respond to the answer, he shall do so by filing a traverse
12 with the court and serving it on respondent within **thirty days** of his receipt of the
13 answer.

14    5.    Respondent may file a motion to dismiss on procedural grounds in lieu of
15 an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
16 Governing Section 2254 Cases within **sixty days** of the issuance of this order.  If
17 respondent files such a motion, petitioner shall file with the court and serve on respondent
18 an opposition or statement of non-opposition within **thirty days** of receipt of the motion,
19 and respondent shall file with the court and serve on petitioner a reply within **fifteen days**
20 of receipt of any opposition.

21    6.    It is petitioner's responsibility to prosecute this case.  Petitioner is reminded
22 that all communications with the court must be served on respondent by mailing a true
23 copy of the document to respondent's counsel.  Petitioner must keep the court and all
24 parties informed of any change of address by filing a separate paper captioned "Notice of
25 Change of Address."

26 ///
27 ///
28

1  Petitioner must comply with the court's orders in a timely fashion.  Failure to do so may
2  result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of
3  Civil Procedure 41(b).
4      IT IS SO ORDERED.
5  Dated:   2/11/08

   *Ronald M. Whyte*
   RONALD M. WHYTE
6  United States District Judge

1  A copy of this order was mailed on ___2/12/08_____to the following:

2

Michael David Gutierrez
3  V-68887
Pleasant Valley State Prison
4  Facility-4-141
P.O. Box 8501
5  Coalinga, CA  93210

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Granting Petitioner's Motions to Proceed in Forma Pauperis; Denying Motion for Appointment of Counsel Without Prejudice; Order to Show Cause
P:\pro-se\sj.rmw\hc.07\Gutierrez668ifposc            6