1
2
3
4

Michael D. Gutierrez #V68887
P.V.S.P A2-150
P. O. Box 8501
Coalinga, CA 93210

Petitioner in Propria Persona

5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MICHAEL DAVID GUTIERREZ,

    Petitioner in Propria Persona,

    vs.

JAMES A. YATES, WARDEN,
DEPARTMENT OF CORRECTIONS,
PLEASANT VALLEY STATE
PRISON,

    Defendants.

CASE NO. 5:07-C-03668-RMW

**TRAVERSE OF PETITIONER
MICHAEL DAVID GUTIERREZ TO
RESPONDENT'S ANSWER TO ORDER
TO SHOW CAUSE**

1

## <u>TABLE OF CONTENTS</u>

2

<u>Page</u>

3

I.    INTRODUCTION ................................................................. 1

4

II.   PETITIONER'S FIRST CLAIM FOR RELIEF .............................. 3

5

6        A.    Petitioner Asserts That His Sixth and Fourteenth Amendment Rights Were
              Violated in that he was Denied the Opportunity to Confront the Adverse

7              Witnesses Against Him ............................................. 3

8     III.  PETITIONER'S SECOND CLAIM FOR RELIEF. ..................... 6

9        A.    Petitioner Asserts That His Sixth and Fourteenth Amendment Rights Were
              Violated in that he was Denied the Right to Present a Defense ......... 6

10

11       B.    Petitioner's Due Process Rights Under the Fifth and Fourteenth
              Amendments were Violated in That He Suffered Substantial Prejudice as a
              Result of the Ersatz Procedure Utilized to Conduct the Witness

12             Identification "Show Up" ........................................... 7

13

14       C.    Mr. Lionetti's Heavily Sedated Condition Should Have Precluded Him
              from Participating in the One-Man Show-Up Witness Identification
              Procedure and any Evidence Gleaned from Said One-Man Show-Up

15             Should Have Been Disallowed at Trial.  As a Result, Petitioner was
              Denied Due Process under the Fifth and Fourteenth Amendments to the U.

16             S. Constitution ................................................... 9

17       D.    Physical Evidence That Could Have Exonerated Petitioner Was Either

18             Supressed or Ignored Altogether Denying Plaintiff a Right to a Fair Trial
              in Violation of the Sixth Amendment to the Constitution. .............. 11

19

20    IV.   Petitioner's Third Claim For Relief ............................. 12

21       A.    Petitioner Asserts That the Cumulative Errors Substantially Prejudiced
              Petitioner's Right to a Fair Trial in Violation of His Sixth Amendment

22             Rights ........................................................... 12

23    V.    CONCLUSION ................................................... 15

24

25

26

27

28

1

**TABLE OF AUTHORITIES**

2

**CASES**

3

*California v. Green*, 399 U.S. 149, 158 (1970) ....................................................... 6, 14

4

*Coy v. Iowa ,*487 U.S. 1012 (1988)......................................................................... 4, 13

5

*Crawford v. Washington* 541 U.S. 36 (2004) ................................................... 3, 12. 13

6

*Davis v. Alabama*, 415 U.S. 308, 316-17 (1974) ................................................... 4, 13

7

*Davis v. Washington*, 126 S.Ct. 2266, 2273-74 (2006) ......................................... 4, 13

8

*Henry v. Specked*, 22 F.3d 1209 (2nd Cir. 1994).................................................... 5, 14

9

*Johnson v. Dugger*, 817 F.2d 726, (11th Cir. 1987) ................................................ 8, 9

10

*Marbury v. Madison*, 5 U.S. 137, (1803) ..................................................................... 15

11

*Maryland v. Craig*, 497 U.S. 836 (1990) ............................................................... 4, 13

12

*Neil v. Biggers,* 409 U.S. 188 .......................................................................................... 9

13

*Olden v. Kentucky*, 488 U.S. 227 (1988) ............................................................... 4, 13

14

*Richmond v. Kingston*, 240 F.3d 590, 591-02 (7th Cir. 2001)............................... 5, 14

15

*Strickland v. Washington,* 466 U.S. 668 (1984) ......................................................... 15

16

*United States v. Baptista-Rodriquez*, 17 F.3d 1354 (11th Cir. 1994) ................... 5, 14

17

*United States v. Cooper*, 4 U.S. 341 (1800)................................................................... 7

18

*United States v. Platero*, 72 F.3d 806, 816 (10th Cir. 1995) ................................. 5, 14

19

*Williams v. Taylor*, 529 U.S. 362, 375 (2000) ........................................................... 15

**FEDERAL STATUTES**

20

28 U.S.C. § 2254(b)(1)(A) ............................................................................................. 2

21

28 U.S.C. §2254(d) ......................................................................................................... 3

22

U. S.C. § 2254 ................................................................................................................. 1

**STATE STATUTES**

23

California Penal Code § 667.5 ........................................................................................ 1

24

25

26

27

28

Michael D. Gutierrez #V68887
P.V.S.P A2-150
P. O. Box 8501
Coalinga, CA 93210

Petitioner in Propria Persona

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MICHAEL DAVID GUTIERREZ,

    Petitioner in Propria Persona,

    vs.

JAMES A. YATES, WARDEN,
DEPARTMENT OF CORRECTIONS,
PLEASANT VALLEY STATE
PRISON,

    Defendants.

CASE NO. 5:07-C-03668-RMW

**TRAVERSE OF PETITIONER MICHAEL DAVID GUTIERREZ TO RESPONDENT'S ANSWER TO ORDER TO SHOW CAUSE**

    COMES NOW, Petitioner in Pro Per, MICHAEL DAVID GUTIERREZ pursuant to U. S.C. § 2254 and submits the following traverse in reply to Respondent's Response to Order to Show Cause why the writ of habeas corpus should not be granted.

**I.**    **INTRODUCTION**

    On November 23, 2004, a jury returned verdicts against Petitioner on weapon use and infliction of great bodily injury. Both parties waived their rights to a jury trial of the prior-conviction allegations.

    On December 6, 2004, the District Attorney's motion to dismiss the prior-conviction allegations under California Penal Code § 667.5 was granted, and the court found the remaining prior-conviction allegations to be true.

1    On February 17, 2005, the court sentenced petitioner to state prison for a term of

2    twenty-six years, consisting of eighteen years for double the upper term for count one,

3    plus three years for the bodily-injury enhancement, plus five years for the prior-conviction

4    enhancement.  A sentence of six years for double the midterm for count two was imposed

5    concurrently.

6    Petitioner appealed his state court conviction and on November 20, 2006, the

7    California Court of Appeal, Sixth Appellate District, in Case No. H028515, *People v.*

8    *Gutierrez* and *conditionally* affirmed the judgment noting that:

9        *The judgment is affirmed. The trial court is directed to*

10       *correct the abstract of judgment to reflect that the*

11       *enhancement on count 2 under Penal Code section 12022.7*

12       *is stayed. (not published) (Rushing, P.J.; We concur:*

13       *Premo, J., Elia, J.) Petitioner's*

14   Petitioner's Exhibit "A"

15   Petitioner appealed the Appellate District's decision to the California Supreme

16   Court, (Case No. S149143) and on February 7, 2007, the California Supreme Court denied

17   petitioner's petition for review.

18   Petitioner's Exhibit "B"

19   Petitioner is presently being held in state custody after sustaining criminal

20   convictions in a California state court for weapon use and infliction of great bodily injury.

21   Petitioner has exhausted his state court remedies in accordance with 28 U.S.C. §

22   2254(b)(1)(A) and timely challenges the validity of his state court conviction on the

23   following grounds:

24   Petitioner asserts that his state court conviction violated federal law, the United

25   States Constitution, United States Supreme Court case law and was denied adequate legal

26   representation in the trial court phase.

27   In light of the substance of the claims in this petition, the factual record and

28   applicable law, petitioner's constitutional claims deserve a more thorough and reasoned

-2-

1  review by the federal courts than the cursory rubber-stamping of the California Supreme
2  Court's decision that Respondent advocates.

3          Because of the nature of Respondent's argument opposing habeas relief, the focus
4  of this traverse will be based upon whether petitioner can establish that the California
5  decision was contrary to, or involved an unreasonable application of existing Supreme
6  Court precedent or, alternatively, was based upon an unreasonable determination of the
7  facts necessary to entitle him to habeas relief under 28 U.S.C. §2254(d) of AEDPA.

8  **II.    PETITIONER'S FIRST CLAIM FOR RELIEF**

9          **A.    Petitioner Asserts That His Sixth and Fourteenth Amendment Rights
10                 Were Violated in that he was Denied the Opportunity to Confront the
                   Adverse Witnesses Against Him**
11

12          In claim one, petitioner contends that his federal constitutional right to due process
13  was violated when the trial court improperly allowed the testimony that Mr. Lionetti had
14  identified petitioner in person, in a one-person show up at the hospital, which was
15  erroneously admitted over objection in violation of his right to confrontation.

16          Respondent relies on *Crawford v. Washington* 541 U.S. 36 (2004) in support of his
17  position.  However, in *Crawford supra*, the Supreme Court *increased* the scope of the
18  confrontation clause in trials. Justice Scalia's opinion made any "testimonial" out-of-court
19  statements *inadmissible* if the accused did not have the opportunity to cross-examine that
20  accuser, meaning any statements that an objectively reasonable person in the declarant's
21  situation would have deemed likely to be used in court. The most common application of
22  this would come after a declarant made a statement to a police officer, and then that
23  officer testifies about that statement at trial which is similar to what occurred in
24  Petitioner's case.

25          The Supreme Court in *Crawford* drew a sharp distinction between what it called
26  "testimonial" and "nontestimonial" evidence. *Id*., at 68. The Georgetown Law Journal,
27  interpreting Crawford, said "a statement is testimonial when, in the totality of
28  circumstances, police interrogation is not in response to an ongoing emergency, but rather

-3-

1   to investigate past events potentially relevant to criminal proceedings. The Court held that

2   the admission of a 'testimonial' hearsay statement violates the Confrontation Clause

3   unless the declarant is unavailable and the defendant had a prior opportunity to cross-

4   examine the declarant. The Supreme Court has held that if the hearsay statement is

5   'nontestimonial,' the Confrontation Clause does not apply and admissibility is governed

6   by the applicable jurisdiction's rules of evidence." *See*, *Davis v. Washington*, 126 S.Ct.

7   2266, 2273-74 (2006).

8           The root of the Confrontation Clause rest in the constitutional premise that "face-

9   to-face confrontation enhances the accuracy of factfinding by reducing the risk that a

10  witness will wrongfully implicate an innocent person." *See*, *Maryland v. Craig*, 497 U.S.

11  836 (1990). As the Supreme Court observed in *Coy v. Iowa,* 487 U.S. 1012 (1988) "It is

12  always more difficult to tell a lie about a person 'to his face' than 'behind his back'."

13          The U.S. Supreme Court has been fairly consistent in its desire to keep the Sixth

14  Amendment confrontation right constitutionally viable. For example, in *Olden v.*

15  *Kentucky*, 488 U.S. 227 (1988) (per curiam) in a kidnapping/rape case found a Sixth

16  Amendment violation because the defendant was not permitted to cross-examine the

17  victim about cohabitation with a boyfriend. *Id*., at 231. *See also*: *Davis v. Alabama*, 415

18  U.S. 308, 316-17 (1974) [confrontation right violated when defendant not allowed to

19  cross-examine witness about possible bias which may have led to a misidentification of

20  the defendant].

21          The federal circuits have been equally circumspect in their desire to protect the

22  core values of the Confrontation Clause. The Second Circuit in *Henry v. Specked*, 22 F.3d

23  1209 (2nd Cir. 1994) found a Sixth Amendment violation when the trial court refused to

24  allow cross-examination of a child witness about possible biases. *Id*., at 1214-15. The

25  Seventh Circuit found a Confrontation Clause violation after the trial court prevented a

26  defendant from cross-examining a rape victim about a prior false rape claim because the

27  testimony would have demonstrated a motive for lying. *See*, *Richmond v. Kingston*, 240

28  F.3d 590, 591-02 (7th Cir. 2001). *See also*: *United States v. Platero*, 72 F.3d 806, 816

-4-

1    (10th Cir. 1995) [Sixth Amendment violation when defendant refused opportunity to

2    question sexual assault victim about sexual relationship with third party which could have

3    formed the basis for a false allegation against defendant].

4         Federal and state prosecutors often try to shield its witnesses from testifying about

5    investigatory reports by saying they are classified or business records. The Eleventh

6    Circuit in *United States v. Baptista-Rodriquez*, 17 F.3d 1354 (11th Cir. 1994) found a

7    Confrontation Clause violation when the trial court prohibited a defendant from

8    questioning an FBI agent about the contents or existence of a classified document which

9    purportedly revealed the termination of the defendant's relationship with the FBI and the

10   appeals court found this evidence relevant to the defense. *Id.*, at 1366-67.

11        Significantly, the Confrontation Clause does not bar the admission of out-of-court

12   statements provided the person making the statement testifies at trial and is subject to full

13   cross-examination concerning the prior statements. *See, California v. Green*, 399 U.S.

14   149, 158 (1970).

15        The far-fetched notion as put forth by Respondent that Mr. Lionetti's short term

16   memory was affected, yet he was supposedly able to remember critical details of his

17   attack, including the fact that he identified plaintiff as his attacker in the emergency room,

18   but was unable identify Petitioner at trial as his attacker, seems highly implausible.

19        Petitioner seeks redress of the following suspect practices for a determination as to

20   whether they comport with the Constitution and established law:

21        1.    Did the "one-man show-up" to which Petitioner was subjected violate his

22   due process rights or cause substantial prejudice?

23        2.    Did the trial court err in allowing prejudicial and hearsay statements to be

24   admitted into evidence during Petitioner's trial? and

25        3.    Was Petitioner's denial of his Constitutional right to confront such witnesses

26   against him violated?

27   Considering the lack of physical evidence at the crime scene tying to Petitioner to the

28   crime, Respondent singularly relies on a substandard witness identification process and

1   the testimony of a witness who was heavily sedated at the time that he identified

2   Petitioner as his assailant.  These details, when juxtaposed against the fact that the witness

3   failed to identify Petitioner as his assailant at trial, combined Petitioner's denial of his

4   right to confront adverse witnesses against him, cry out for relief from this court.

5   ## III.    PETITIONER'S SECOND CLAIM FOR RELIEF.

6   ### A.    Petitioner Asserts That His Sixth and Fourteenth Amendment Rights
7   ### Were Violated in that he was Denied the Right to Present a Defense

8   During his criminal proceeding, Petitioner was denied the opportunity to cross-

9   examine a critical witness who could corroborate the fact that the victim, Anthony John

10  Lionetti failed to positively identify Plaintiff as the person who assaulted him.  Shortly

11  after Petitioner was detained on suspicion of the assault, Police escorted Petitioner to the

12  hospital where Mr. Lionetti was being treated.  A nurse brought the Mr. Lionetti out in a

13  wheelchair for the purpose of attempting to identify the Plaintiff as his attacker.  Plaintiff

14  contends that the nurse will support Petitioner's contention that Mr. Lionetti failed to

15  positively identify him as his attacker, irrespective of the assertions made in Respondent's

16  Answer to the contrary.

17  The defendant must also be permitted to call witnesses in his favor. If such

18  witnesses refuse to attend, they may be compelled to do so by the court at the request of

19  the defendant. *United States v. Cooper*, 4 U.S. 341 (1800)

20  A defendant, under the Sixth Amendment, must have an opportunity to "confront"

21  and cross-examine witnesses. The Confrontation Clause relates to the common law rule

22  preventing the admission of hearsay.  The rationale was that a defendant had no

23  opportunity to challenge the credibility of and cross-examine the person actually making

24  the statements.  Nevertheless, the Supreme Court has held that the hearsay rule is not

25  exactly the same as the confrontation clause; hearsay may, in some circumstances, be

26  admitted though it is not covered by one of the long-recognized exceptions; for example,

27  prior testimony may sometimes be admitted if the witness is unavailable.

28  During his trial, Petitioner made number requests of his first public defender to

-6-

1    subpoena the nurse that was present when Mr. Lionetti allegedly identified Petitioner as

2    his assailant.  Petitioner's public defender instead attempted to pressure Petitioner into

3    entering a plea agreement and never subpoenaed the nurse as Petitioner had requested.

4           Petitioner most recently served a subpoena on the San Jose Police Department,

5    (Petitioner's Exhibit "C") specifically requesting the names of the doctors and nurses who

6    were present during the identification process, however, the San Jose Police Department

7    failed to provide Petitioner with such records and as such, Petitioner's due process rights

8    have been and continue to be violated in that is unable to confront witnesses who could

9    bolster his claims for relief.

10        **B.     Petitioner's Due Process Rights Under the Fifth and Fourteenth**
11                **Amendments were Violated in That He Suffered Substantial Prejudice**
                  **as a Result of the Ersatz Procedure Utilized to Conduct the Witness**
12                **Identification "Show Up"**

13         As opposed to the customary, more objective police multi-person "line-up"

14   procedure used during most police investigations, Petitioner was subjected to the more

15   biased "one-man show-up" procedure conducted at the hospital where Mr. Lionetti was

16   being treated for his injuries.  To prevent diminished or destroyed witness credibility and

17   the reduction of the identification's evidentiary value, many law enforcement agencies

18   have instituted procedures and practices designed to lessen line up bias.  Court's have

19   specifically addressed the issue of what are termed one-man show-ups.

20         As is standard protocol for any type of line-up, no video tape was taken of the one-

21   man show-up to which Petitioner was subjected, no admonitions were given to the witness

22   (Mr. Lionetti) advising him that Petitioner could or could not be the suspect, nor does it

23   appear that the witness provided any type of *written* description of his assailant to police

24   prior to the one-man show-up.

25         Under the most basic of police procedures, if a suspect is detained for questioning

26   and the witness has not lost sight of the suspect, then it is appropriate to conduct a single-

27   person "show-up" for the purpose of ascertaining positive identification.  If, however, an

28   appropriate amount of time has elapsed and the witness has lost sight of the suspect, then

-7-

1    the appropriate protocol would be to establish a standard, multi-person line-up, which in

2    Petitioner's case never occurred.

3        Petitioner asserts that he suffered substantial prejudice in that his photo was not

4    among those shown to Mr. Lionetti in the six-photo lineup.  Instead, Petitioner was

5    brought to the emergency room in handcuffs, and paraded in front of Mr. Lionetti for a

6    one-man show-up.

7        In *Johnson v. Dugger*, 817 F.2d 726, (11th Cir. 1987), the court stated:

8            Although "show-ups are widely condemned, . . . immediate

9            confrontations allow identification before the suspect has

10           altered his appearance and while the witnesses' memory is

11           fresh, and permit the quick release of innocent persons. . .

12           Therefore, show-up are not unnecessarily suggestive unless

13           the police aggravate the suggestiveness of the confrontation at

14           817 F.2d at 729.

15   *Johnson supra*, however, most likely envisioned a witness that was not in a heavily

16   sedated state as was the witness in Petitioner's case and as will be discussed in more detail

17   further in Petitioner's Traverse.

18       In *Neil v. Biggers,* 409 U.S. 188, the court stated:

19           We hold that each case must be considered on its own facts,

20           and that convictions based on eyewitness identification at trial

21           following a pretrial identification by photograph will be set

22           aside on that ground only if the photographic identification

23           procedure was so impermissibly suggestive as to give rise to a

24           very substantial likelihood of irreparable misidentification.

25       In Petitioner's case, the investigating officer, Sergeant Overstreet, noticed

26   similarities, between the description that Lionetti gave of the suspect at the scene and at

27   the hospital, to another suspect who had eluded officers the day before named Michael

28   Mestez. A six-photo lineup containing Mestez's photo, but not Petitioner's photo, was

-8-

1  assembled and shown to Lionetti at about 2 a.m. in the emergency room. Lionetti

2  apparently did not recognize anybody in the photo lineup. ( Respondent's Memo of

3  Points and Authorities at page 5, Lines 5-9)

4  Petitioner asserts that by he suffered substantial prejudice by being presented to

5  Mr. Lionetti in the one-man show-up particularly when, for whatever reason, the alleged

6  "line-up" initially shown to Mr. Lionetti did not contain Petitioner's picture.

7  **C.  Mr. Lionetti's Heavily Sedated Condition Should Have Precluded Him from Participating in the One-Man Show-Up Witness Identification**

8  **Procedure and any Evidence Gleaned from Said One-Man Show-Up**

9  **Should Have Been Disallowed at Trial.  As a Result, Petitioner was Denied Due Process under the Fifth and Fourteenth Amendments to the**

10  **U. S. Constitution**

11  While Respondent assert that Mr. Lionetti positively identified Petitioner as his

12  assailant, Respondent attempts to downplay the fact that Mr. Lionetti was under the

13  influence of substantial amounts of extremely powerful sedatives at the time that he made

14  such alleged "positive identification".  By minimizing the side effects of the cocktail of

15  narcotics that Mr. Lionetti was under at the time that he was asked to make a positive

16  identification, Respondent make a mockery of the notion that a person under the influence

17  of such powerful drugs can responsibly be relied upon to make cognizant decisions,

18  particularly one that has now cost Petitioner a 25-year prison sentence.  (Respondent's

19  Memo of Points and Authorities at page 4, lines 14-18 and page 7, lines 18-20)

20  According to the medical records, Lionetti was admitted to the emergency room at

21  1:10 a.m.  At 1:20 a.m. he was given Tetanus vaccine and two milligrams of morphine

22  sulfate. At 1:30 a.m. he was given an additional two milligrams of morphine sulfate. At 2

23  a.m. he was given an additional four grams of morphine sulfate. Thus, he was given a total

24  of eight milligrams of morphine sulfate in less than one hour. He was also given thirty

25  milligrams of Toradol, a pain medication, at 2:18 a.m.  (Respondent's Memo of Points

26  and Authorities at page 7, lines 12-17).

27  Respondent acknowledges that Mr. Lionetti was sedated at the time that he was

28  asked to identify his assailant but rationalizes his decision to go forward with the one-man

-9-

1  show-up by stating that "The treating physician did not notice anything to suggest that

2  Lionetti was experiencing hallucinations, blurred vision, or memory deficit.  Lionetti

3  passed a test for memory deficit with the same standard as would apply to his treating

4  physician or the prosecuting attorney."  Thus, by making these assertions, Respondent

5  was acutely aware that the drugs that Mr. Lionetti had been administered had the potential

6  to cause critical physical impairments to sensory functions necessary for Mr. Lionetti to

7  make a positive identification of his assailant.

8      Respondent further admits that possible side effects of morphine sulfate are

9  sensation of drunkenness, *blurred or double vision* [emphasis added], and disorientation.

10  ((Respondent's Memo of Points and Authorities at page 7, lines 17-18).  Respondents'

11  answer, however, fails to cite the fact that Toradol (of which Mr. Lionetti was

12  administered 30 milligrams shortly before he was asked to make an identification) can

13  also have similar side effect that include: dizziness, drowsiness, hallucinations, unusual

14  thinking, *problems with vision, included blurred vision*.  Respondents disingenuous

15  statement that "Nothing in the medical records indicates that Lionetti suffered any side

16  effects in the emergency room that night" is nothing more than conjecture and wishful

17  thinking on Respondents' part and lacks any form of forensic medical support from a

18  medical professional to back this claim.

19      Indeed, **Respondents readily admit that Mr. Lionetti failed to positively**

20  **identify Petitioner as his assailant at the time of trial**.  (Respondent's Memo of Points

21  and Authorities at page 7, Lines 4-5).  Respondent, however attributes Mr. Lionetti's

22  inability to identify Petitioner at trial because [Mr. Lionetti] "was sedated and given

23  psychotropic medication to induce a coma so that he could endure the treatment he

24  received.  When he regained consciousness months later, his short term memory was

25  affected.  By the time of trial he could remember much of what happened to him on

26  January 7, 2004. Lionetti was truthful, accurate, and honest in recounting the events at the

27  scene and at the emergency room that night. He remembered that he had identified his

28  assailant at the emergency room, *but could not identify petitioner as his assailant at trial*."

-10-

1    [emphasis added].

2         The far-fetched notion as put forth by Respondent that Mr. Lionetti's short term

3    memory was affected, yet he was supposedly able to remember critical details of his

4    attack, including the fact that he identified plaintiff as his attacker in the emergency room,

5    but was unable identify Petitioner at trial as his attacker, seems highly implausible.  Given

6    the suspect nature of the manner in which the witness identification process occurred, Mr.

7    Lionetti's failure to positively identify Petitioner as his attacker and the lack of physical

8    evidence pointing to Petitioner as Mr. Lionetti's assailant, Respondent's singularly relies

9    on the testimony of a witness who was heavily sedated as the basis for imposing such a

10   draconian sentence on Petitioner.

11        **D.    Physical Evidence That Could Have Exonerated Petitioner Was Either**
              **Suppressed or Ignored Altogether Denying Plaintiff a Right to a Fair**
12            **Trial in Violation of the Sixth Amendment to the Constitution.**

13

14        The right to confront and cross-examine witnesses also applies to physical

15   evidence; the prosecution must present physical evidence to the jury, providing the

16   defense ample opportunity to cross-examine its validity and meaning.  Prosecution

17   generally may not refer to evidence without first presenting it.

18        The lack of physical evidence coupled with Mr. Lionetti's inability to identify

19   Petitioner at trial as his attacker mandates that the Court grant the relief Petitioner seeks.

20   Respondent admits that Petitioner's fingerprints and for that matter any other forensic

21   evidence linking Petitioner to the crime were found in the cab.  Mr. Lionetti testified that

22   the person who assaulted him urinated near a tree, yet such urine was never collected and

23   if so, it was not presented in court for the purpose of prosecuting or exonerating

24   Petitioner.

25

26

27

28

**TRAVERSE OF PETITIONER MICHAEL DAVID GUTIERREZ TO**
**RESPONDENT'S ANSWER TO ORDER TO SHOW CAUSE**
**Gutierrez v. Yates, Case No. 5:07-CV-03668-RMW**

1    **IV.    PETITIONER'S THIRD CLAIM FOR RELIEF**

2       **A.    Petitioner Asserts That the Cumulative Errors Substantially Prejudiced
3              Petitioner's Right to a Fair Trial in Violation of His Sixth Amendment
4              Rights**

5              Petitioner contends that his federal constitutional right to due process was

6    violated when the trial court improperly allowed the testimony that Mr. Lionetti had

7    identified petitioner in person, in a one-person show up at the hospital, which was

8    erroneously admitted over objection in violation of his right to confrontation.

9              Respondent relies on *Crawford v. Washington* 541 U.S. 36 (2004) in support of his

10   position, yet in *Crawford supra*, the Supreme Court *increased* the scope of the

11   confrontation clause in trials. Justice Scalia's opinion made any "testimonial" out-of-court

12   statements *inadmissible* if the accused did not have the opportunity to cross-examine that

13   accuser, meaning any statements that an objectively reasonable person in the declarant's

14   situation would have deemed likely to be used in court. The most common application of

15   this would come after a declarant made a statement to a police officer, and then that

16   officer testifies about that statement at trial which is similar to what occurred in

17   Petitioner's case.

18             The Supreme Court in *Crawford* drew a sharp distinction between what it called

19   "testimonial" and "nontestimonial" evidence. *Id.*, at 68. The Georgetown Law Journal,

20   interpreting Crawford, said "a statement is testimonial when, in the totality of

21   circumstances, police interrogation is not in response to an ongoing emergency, but rather

22   to investigate past events potentially relevant to criminal proceedings. The Court held that

23   the admission of a 'testimonial' hearsay statement violates the Confrontation Clause

24   unless the declarant is unavailable and the defendant had a prior opportunity to cross-

25   examine the declarant. The Supreme Court has held that if the hearsay statement is

26   'nontestimonial,' the Confrontation Clause does not apply and admissibility is governed

27   by the applicable jurisdiction's rules of evidence." *See*, *Davis v. Washington*, 126 S.Ct.

28   2266, 2273-74 (2006).

-12-

1    The root of the Confrontation Clause rest in the constitutional premise that "face-
2    to-face confrontation enhances the accuracy of factfinding by reducing the risk that a
3    witness will wrongfully implicate an innocent person." *See*, *Maryland v. Craig*, 497 U.S.
4    836 (1990). As the Supreme Court observed in *Coy v. Iowa*: "It is always more difficult to
5    tell a lie about a person 'to his face' than 'behind his back'." 487 U.S. 1012 (1988).

6    The U.S. Supreme Court has been fairly consistent in its desire to keep the Sixth
7    Amendment confrontation right constitutionally viable. For example, in *Olden v.*
8    *Kentucky*, 488 U.S. 227 (1988) (per curiam) in a kidnapping/rape case found a Sixth
9    Amendment violation because the defendant was not permitted to cross-examine the
10   victim about cohabitation with a boyfriend. Id., at 231. *See also*: *Davis v. Alabama*, 415
11   U.S. 308, 316-17 (1974) [confrontation right violated when defendant not allowed to
12   cross-examine witness about possible bias which may have led to a misidentification of
13   the defendant].

14   The federal circuits have been equally circumspect in their desire to protect the
15   core values of the Confrontation Clause. The Second Circuit in *Henry v. Specked*, 22 F.3d
16   1209 (2nd Cir. 1994) found a Sixth Amendment violation when the trial court refused to
17   allow cross-examination of a child witness about possible biases. *Id.*, at 1214-15. The
18   Seventh Circuit found a Confrontation Clause violation after the trial court prevent a
19   defendant from cross-examining a rape victim about a prior false rape claim because the
20   testimony would have demonstrated a motive for lying. *See*, *Richmond v. Kingston*, 240
21   F.3d 590, 591-02 (7th Cir. 2001). *See also*: *United States v. Platero*, 72 F.3d 806, 816
22   (10th Cir. 1995) [Sixth Amendment violation when defendant refused opportunity to
23   question sexual assault victim about sexual relationship with third party which could have
24   formed the basis for a false allegation against defendant].

25   Federal and state prosecutors often try to shield its witnesses from testifying about
26   investigatory reports by saying they are classified or business records. The Eleventh
27   Circuit in *United States v. Baptista-Rodriquez*, 17 F.3d 1354 (11th Cir. 1994) found a
28   Confrontation Clause violation when the trial court prohibited a defendant from

-13-

questioning an FBI agent about the contents or existence of a classified document which purportedly revealed the termination of the defendant's relationship with the FBI and the appeals court found this evidence relevant to the defense. Id., at 1366-67.

Significantly, the Confrontation Clause does not bar the admission of out-of-court statements provided the person making the statement testifies at trial and is subject to full cross-examination concerning the prior statements. *See, California v. Green*, 399 U.S. 149, 158 (1970).

The far-fetched notion as put forth by Respondent that Mr. Lionetti's short term memory was affected, yet he was supposedly able to remember critical details of his attack, including the fact that he identified plaintiff as his attacker in the emergency room, however was unable identify Petitioner at trial as his attacker, seems highly implausible. Given the suspect nature of the manner in which the witness identification process occurred (as will be discussed later in Petitioner's Traverse), Mr. Lionetti's failure to positively identify Petitioner as his attacker and the lack of physical evidence pointing to Petitioner as Mr. Lionetti's assailant, Respondent's singularly relies on the testimony of a witness who was heavily sedated and whom Petitioner was unable cross-examine at trial for imposing such a draconian sentence on Petitioner.

Petitioner was convicted only because the weakness of the state's case was exceeded by his lawyer's inept defense. Respondent now seeks to preserve the conviction of an innocent man by repeatedly insisting that this Court cannot interfere with a judgment even if it was obtained in violation of the Constitution because, under AEDPA, it must defer to a state court that correctly quotes federal law. The Supreme Court has made it very clear that "errors that undermine confidence in the fundamental fairness of the state adjudication certainly justify the issuance of the federal writ," even under AEDPA. *Williams v. Taylor*, 529 U.S. 362, 375 (2000). The Court explicitly held that it would be wrong to "require the federal courts, including this Court, to defer to state judges' interpretations of federal law," *Id.* at 377, because:

When federal judges exercise their federal-question

-14-

1   jurisdiction under the "judicial Power" of Article III of the

2   Constitution, it is "emphatically the province and duty" of

3   those judges to "say what the law is." *Marbury v. Madison,* 5

4   U.S. 137, (1803).

5       Thus, 28 U.S.C. § 2254(d)(1) is no impediment to this Court's power and duty to

6   grant relief in this case. Petitioner's burden to show that the state court's rejection of his

7   constitutional claims was "contrary to, or involved an unreasonable application of" clearly

8   established federal law is amply met in this case. The state court imposed on Petitioner, in

9   clear contravention of *Strickland v. Washington,* 466 U.S. 668 (1984)*,* the burden of

10  proving that the testimony and evidence defense counsel had failed to present would

11  "render it impossible that he is the guilty party." Contrary to Respondent's suggestion, the

12  Supreme Court has consistently held that "[e]ven in the context of federal habeas,

13  deference does not imply abandonment or abdication of judicial review." *Miller-El v.*

14  *Cockrell*, 537 U.S. (2003).

15  **V.    CONCLUSION**

16      Petitioner prays that the court reverse the state court decisions or in the

17  alternative, grant Petitioner a Trial De Novo.

18  Respectfully submitted,

19

20  DATED:  September 15, 2008        By:    /s/MICHAEL DAVID GUTIERREZ
                                              Petitioner in Propria Persona

21

22

23

24

25

26

27

28

**TRAVERSE OF PETITIONER MICHAEL DAVID GUTIERREZ TO
RESPONDENT'S ANSWER TO ORDER TO SHOW CAUSE**
Gutierrez v. Yates, Case No. 5:07-CV-03668-RMW

# EXHIBIT A
# (A-16)

In The Court Of Appeal Of The State Of California

184

Sixth Appellate District

San Jose, California

<u>MONDAY, NOVEMBER 20, 2006</u>

H029590   PEOPLE v. MCKINLEY
      The judgment is affirmed.   The superior court is directed to
prepare an amended abstract of judgment to reflect the imposition
of a section 12022, subdivision (b)(1) enhancement, not a section
12022.7, subdivision (a) enhancement, as to Count Two. (not
published)
(Mihara, J.; We concur: Bamattre-Manoukian, Acting P.J., McAdams,
J.)
Filed November 20, 2006

H028989   PEOPLE v. BLAN
      The judgment is affirmed. (not published)
(Rushing, P.J.; We concur: Premo, J., Elia, J.)
Filed November 20, 2006

H029528   CONRAD DELL'OCA, as Trustee, etc., et al. v. UBS
SECURITIES LLC
      The judgment is affirmed. (not published)
(Rushing, P.J.; We concur: Premo, J., Elia, J.)
Filed November 20, 2006

H028515   PEOPLE v. GUTIERREZ
      The judgment is affirmed.   The trial court is directed to
correct the abstract of judgment to reflect that the enhancement
on count 2 under Penal Code section 12022.7 is stayed.   (not
published)
(Rushing, P.J.; We concur: Premo, J., Elia, J.)
Filed November 20, 2006

H029369   PEOPLE v. RODRIGUEZ
      The judgment is affirmed. (not published)
(Rushing, P.J.; We concur: Premo, J., Elia, J.)
Filed November 20, 2006

H029741   ROSENVICK, INC. v. MORTGAGETREE LENDING
      The judgment is reversed and the matter is remanded to the
trial court with directions to modify the judgment so that the
total award to Rosenvick is in the amount of $25,000. (not
published)
(Rushing, P.J.; We concur: Premo, J., Elia, J.)
Filed November 20, 2006

H028910   PEOPLE v. WILSON
      The judgment is affirmed. (not published)
(Bamattre-Manoukian, Acting P.J.; We concur: Mihara, J., McAdams,
J.)
Filed November 20, 2006

# EXHIBIT B
# (B-17)



# CALIFORNIA APPELLATE COURTS
## Case Information

Supreme Court

Welcome

Search

E-mail

Calendar

Help

Opinions



home

## Supreme Court

Change court

Court data last updated: 09/08/2008 09:53 PM

**Case Summary**    **Docket**    **Briefs**
**Disposition**    **Parties and Attorneys**    **Lower Court**

## Disposition

**PEOPLE v. GUTIERREZ**
**Case Number** <u>S149143</u>

Only the following dispositions are displayed below: Orders Denying Petitions, Orders Granting Rehearing and Opinions. Go to the Docket Entries screen for information regarding orders granting review.

**Case Citation: none**

| Date | Description |
|------|-------------|
| 02/07/2007 | Petition for review denied |

**Click here** to request automatic e-mail notifications about this case.

© 2007 Judicial Council of California

# EXHIBIT C
# (C-18 to C-57)

AO88 (Rev. 12/07) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Northern District of California

MICHAEL DAVID GUTIERREZ

V.

JAMES A. YATES, WARDEN,
DEPARTMENT OF CORRECTIONS,
PLEASANT VALLEY STATE PRISON,

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 5:07-CV-03668-RMW

TO: **SAN JOSE POLICE DEPARTMENT c/o Custodian of Records**
201 W. Mission Street
San Jose, CA 91550

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### SEE ATTACHED EXHIBIT "A"

| PLACE    Michael David Gutierrez #V68887  P.V.S.P A-2-150 P. O. Box 8501 Coalinga, CA 93210 | DATE AND TIME 8-12-08 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE 6-23-08 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |  |

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## EXHIBIT "A" TO SUBPOENA IN A CIVIL CASE

Any and all police report(s), arrest report(s), case report(s), supplementary report(s), street file(s), list of witnesses and witness statement(s), investigation note(s), photo(s), (including police line up photo(s)), phone record(s), computer record(s), microfiche, digital files, medical report(s), fingerprint analysis, arresting officer report(s) and any and all physical evidence relied upon relating to the arrest of **MICHAEL DAVID GUTIERREZ** (DOB 10-30-65) that occurred on or about January 7, 2004, at or near Virginia Street and King Road and was recorded under San Jose Police Dept. Nos. 04-007-0007 and 04-007-0061 and which relates to the following information or materials:

(1) Taxi dispatch report;

(2) "Conditional Exam" at hospital by Magistrate and D. A. Boyd where victim testified under oath, including but not limited to any records/videos, written or oral statements, photographs, police reports, phone records investigation notes or any other evidence obtained from said Conditional Exam;

(3) List of all doctors and nurses on duty or contracted at the time of the conditional exam and/or hospital show-up or identification.

(3) Notes or any other evidence obtained or produced from court appointed lawyer, Jennifer Hultgrens; and

(4) Any and all "Marsden" records sealed and unsealed.

## DECLARTION OF SERVICE BY U. S. MAIL

*Gutierrez v. Yates*, Case No. C 07-3668 RMW (PR)

I declare:

     At the time of service, I was over 18 years of age and not a party to the action. My business address is 221 North Figueroa Street, Suite 1200, Los Angeles, California 90012.

     On July 9, 2008, I served the foregoing document described as:

### SUBPOENA IN A CIVIL CASE

on the interested parties by U. S. Mail a true copy as follows:

EDMUND G. BROWN JR., Esq.          Attorneys for Respondent
Attorney General of the State of
California
DANE R. GILLETTE., Esq.
GERALD A. ENGLER., Esq.
GREGORY A. OTT., Esq.
ALLEN R. CROWN., Esq.
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
Telephone:   (415) 703-5847
Fax:       (415) 703-1234

    ☒    **VIA U.S. MAIL:** ✉

     On July 9, 2008, at , California, I deposited the above described document, with the U.S. postal service with postage thereon fully prepaid and addressed to the parties listed above.

     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and was executed on June 9, 2008 at Coalinga, California.

Robert Mendosa
Type or Print Name               Signature

---

DECLARATION OF SERVICE BY MAIL



*San José Police Department*

Bureau of Technical Services
Operations Support Services Division

## DECLARATION OF CUSTODIAN OF RECORDS

Records subpoenaed by:    Michael David Gutierrez
Records pertaining to:    All records pertaining to Report# 04-007-0007 & 04-007-0061
Title of Case:    Michael David Gutierrez vs James A. Yates, Warden,
    Department of Corrections, Pleasant Valley State Prison
Date of deposition:    08/12/08

I, the undersigned, being the duly authorized Custodian of Records for the San Jose Police
Department and having the authority to certify the records, declare the following:

**1.**    CERTIFICATION OF RECORDS COPIED

    **a.**    The photocopied records submitted are true copies of all the records described in
    the subpoena.

    b.    To the best of my knowledge, all such records were prepared or compiled by the
    personnel of the above named business in the ordinary course of business at or
    near the time of the act, condition or event.

    **c.**    No documents have been withheld in order to avoid their being copied.  If we
    have only part of the records described in the subpoena, such records as are now
    available are provided.

**2.**    CERTIFICATION OF NO RECORDS

    **a.**    Request for photos cannot be provided at this time because of a fee requirement,
    since there was no payment made, we are not able to provide you with said
    request.

I declare under penalty of perjury under the laws of the State of California that the foregoing is
true and correct.

Executed on _____08/2408_____ at   San Jose, California.

Print Name _Carolyn Galdo PDS II 934N_____    Signature: 
mjl/declaration (rev. 08/02)
                                                   PDS II 934N



SAN JOSE POLICE DEPARTMENT
I HEREBY CERTIFY THIS TO BE A
TRUE COPY OF THE ORIGINAL
BY: ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ 9ᴸ

DATE: ⎯⎯7|3|8|ᴸ|ᴸᴏ⎯⎯⎯⎯⎯
IDENTIFICATION SECTION

# Event Details Report

Run Date:   24 Jul 2008                                    Page 1 of 4

| | | | |
|---|---|---|---|
| **Event ID** | Disposition  **Initial Event Type** | **Final Event Type** | **Supplemental Type** |
| P040070061 | AR                215 | 215 | CARJACKING |

| **Case Number** | **Event Description** | | **Priority** | **Call Source** |
|---|---|---|---|---|
| | | | 2 | |

| **Event Location** | **Location Description** |
|---|---|
| 1718 VIRGINIA AV | & |

| **Entered** | **Dispatched** | **Enroute** | **Arrived** | **Closed** |
|---|---|---|---|---|
| 07 Jan 2004 02:18 | 07 Jan 2004 02:19 | 07 Jan 2004 02:19 | 07 Jan 2004 02:20 | 07 Jan 2004 05:44 |

| **Complainant** | **Phone** | **Reporting Area** | **Beat** | **District** |
|---|---|---|---|---|
| X ANON | ▓▓▓▓▓ | 87 | M4 | M |
| ▓▓▓▓▓▓▓▓ | | | | |

| **Entry Date** | **Unit ID** | **Status** | **Comments** |
|---|---|---|---|
| 07 Jan 02:18:39 | \N | ENTRY | MALE OUTSIDE IFO HERE ACTING CRAZY |
| 07 Jan 02:19:01 | \N | SUPP | TXT: ..RP THINKS POSS RELATED TO EVT #P0007...HM, WEARING BLK/WHITE PENDLETON ... |
| 07 Jan 02:19:43 | 71M2 | DISP | #3842 MARCHETTI, DAWN |
| 07 Jan 02:19:43 | 8319 | ASST | #2942 DAYSOG, JOSE |
| 07 Jan 02:19:45 | 71W2 | ASSTER | #3129 VU, SON |
| 07 Jan 02:19:47 | \N | SUPP | TXT: ..RP HAS ABSOLUTELY NO FURTHER INFO..DOES NOT WANT CONTACT |
| 07 Jan 02:20:08 | 76W1 | ASSTER | #3130 SPRANKLE, DONALD |
| 07 Jan 02:20:08 | 8319 | ONSCNE | \N |
| 07 Jan 02:20:27 | 71W1 | ASSTER | #3861 MATTOCKS, SEAN |
| 07 Jan 02:20:29 | 71M2 | ONSCNE | \N |
| 07 Jan 02:20:57 | 8359 | ASSTER | [1718 VIRGINIA AV ,SJ]  #3081 MURRAY, TROY PGR ▓▓▓▓▓ |
| 07 Jan 02:22:31 | 71W2 | ONSCNE | \N |
| 07 Jan 02:24:06 | 8359 | ONSCNE | \N |
| 07 Jan 02:25:00 | 8319 | MISC | ,AREA CLEAR..UNITS TO CIR |
| 07 Jan 02:25:07 | 71W1 | CHGLOC | [CIR/1718 VIRGINIA ] |
| 07 Jan 02:25:09 | 76W1 | CHGLOC | [CIR/1718 VIRGINIA] |
| 07 Jan 02:25:47 | 71W2 | REMINQ | PERSON,71W2,GUTIERREZ,MICHAEL,,,M,10311965,,,,,,,,,,,, |
| 07 Jan 02:26:43 | 71W2 | MISC | ,PFN BYC583 LNAME:GUTIERREZ FNAM:MICHAEL MNAM:DAVID ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| 07 Jan 02:27:08 | 71W1 | ONSCNE | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |
| 07 Jan 02:27:08 | 71W2 | MISC | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ |

SAN JOSE POLICE DEPARTMENT
I HEREBY CERTIFY THIS TO BE A
TRUE COPY OF THE ORIGINAL.

BY: ___934N___

DATE: __7/31/08__
IDENTIFICATION SECTION

# Event Details Report

Run Date:  24 Jul 2008                                                    Page 2 of 4

| Date | Time | Unit | Type | Details |
|------|------|------|------|---------|
| 07 Jan | 02:27:25 | 71W2 | REMINQ | PERSON,71W2,GUTIERREZ,MICHAEL,,,M,10301965,,,,,,,,,,,, |
| 07 Jan | 02:29:28 | 71W2 | REMINQ | PERSON,71W2,GUTIERREZ,MICHAEL,,,M,10301965,,,,,,,,,,,, |
| 07 Jan | 02:30:07 | 8319 | MISC | ,CAP AS WELL AS BLK/WHT PENELTON |
| 07 Jan | 02:33:37 | 72W4 | ASSTOS | [1718 VIRGINIA AV ,SJ] #3274 MCDONALD, BRIAN  #3232 MARTIN, WENDELL |
| 07 Jan | 02:37:03 | 8369 | ASSTER | #2854 YOUNG, BRUCE, |
| 07 Jan | 02:39:25 | 8369 | ONSCNE | \N |
| 07 Jan | 02:40:54 | 8399 | ASSTER | [1718 VIRGINIA AV ,SJ] #3277 GHEZZI, MICHAEL |
| 07 Jan | 02:41:25 | 8339 | ASSTOS | [1718 VIRGINIA AV ,SJ] #2964 FOSTER, RICHARD PG |
| 07 Jan | 02:42:48 | 8359 | MISC | ,C33...SUSP IS LL FRM APT #2 |
| 07 Jan | 02:43:08 | 8359 | NEWLOC | [1718 VIRGINIA] |
| 07 Jan | 02:43:18 | 8349 | ASSTER | [1718 VIRGINIA AV ,SJ] #3183 WASHINGTON, BRYANT 6961757 |
| 07 Jan | 02:44:11 | 8329 | ASSTER | [1718 VIRGINIA] #3250 DAVIS, KENNETH |
| 07 Jan | 02:44:12 | 8319 | MISC | ,PER THE RP, 3 XS ARE IN BACK BEDROOM..SUSP IN FRONT..AND STILL HAS THE KNIFE |
| 07 Jan | 02:44:15 | 72M4 | ASSTER | [1718 VIRGINIA AV ,SJ] #3608 JENNINGS, TODD  #3607 VAUGHN, JR, RAYMOND |
| 07 Jan | 02:44:25 | 8319 | MISC | ,SUSP KNOWS PD IS 97 |
| 07 Jan | 02:44:38 | 8300 | ASSTER | [1718 VIRGINIA AV ,SJ] #2525 FERRANTE, BRIAN |
| 07 Jan | 02:45:44 | 8319 | MISC | ,PER 2ND RP, SUSP WAS IN A CAB, |
| 07 Jan | 02:46:00 | 76W1 | NEWLOC | [LAVONNE-BEHIND ADDRESS] ,01/07/04 02:45:06 TO DW FROM 76W1: SHOW ME ON LA VONNE BEHIND TTHE ADDRESSS |
| 07 Jan | 02:46:42 | 8319 | MISC | ,SUSP KNOWS PD IS 97...NOT WILLING TO COME OUT |
| 07 Jan | 02:46:44 | 8399 | ONSCNE | \N |
| 07 Jan | 02:46:49 | 8319 | PICKUP | ,***MI,SUSP KNOWS PD IS 97...NOT WILLING TO COME OUT MESSAGE SENT TO SUP1 |
| 07 Jan | 02:47:20 | 72M4 | ONSCNE | \N |
| 07 Jan | 02:48:23 | 5075 | ASSTOS | [1718 VIRGINIA] #2694 NGO, PHAN, |
| 07 Jan | 02:48:28 | 7C10 | ASST | [1718 VIRGINIA] #2348 MCLAREN, MICHAEL |
| 07 Jan | 02:48:33 | 7W10 | ASST | [1718 VIRGINIA] #2202 OVERSTREET, JAMES |
| 07 Jan | 02:48:51 | 8349 | ONSCNE | \N |
| 07 Jan | 02:49:43 | 8329 | ONSCNE | \N |
| 07 Jan | 02:51:03 | 71M3 | ASSTER | [CIR/1718 VIRGINIA ] #3826 YBARRA, MARCO |
| 07 Jan | 02:51:53 | 8319 | MISC | ,STILL IN FRONT LIVING ROOM, TALKING TO RP |
| 07 Jan | 02:52:20 | 8300 | ONSCNE | \N |
| 07 Jan | 02:52:21 | 7C10 | ONSCNE | \N |
| 07 Jan | 02:53:17 | 8359 | MISC | ,XS AND MALE JUST CAME |
| 07 Jan | 02:53:28 | 8319 | MISC | ,LOST LL CNT |
| 07 Jan | 02:53:40 | 7W10 | ONSCNE | \N |
| 07 Jan | 02:56:10 | 8300 | MISC | ,TAKING SUBJ 1015 IN THE FRONT |
| 07 Jan | 02:57:20 | 8300 | MISC | ,C4..SUBJ 1015...HOUSE IS CLEAR |
| 07 Jan | 03:00:36 | 76W1 | CLEAR | D/X:01 |
| 07 Jan | 03:01:53 | \N | CROSS | #E040070040 |
| 07 Jan | 03:07:27 | 72M4 | TRANS | [SJER ] |

SAN JOSE POLICE DEPARTMENT
I HEREBY CERTIFY THIS TO BE A
TRUE COPY OF THE ORIGINAL.

CADmine *tm*

BY: _____ 934N

DATE: 7/31/08

IDENTIFICATION SECTION

2

# Event Details Report

Run Date:  24 Jul 2008          Page 3 of 4

| Date/Time | Unit | Action | Detail |
|---|---|---|---|
| 07 Jan 03:08:56 | 72M4 | MISC | ,PFN BYC583 LNAME:GUTIERREZ FNAM:MICHAEL MNAM:DAVID ███ |
| 07 Jan 03:11:39 | 72M4 | TRANSC | \N |
| 07 Jan 03:12:09 | 71M3 | ONSCNE | \N |
| 07 Jan 03:12:13 | 71W1 | CLEAR | D/X:01 |
| 07 Jan 03:13:05 | 8399 | NEWLOC | [1746 VOLLMER] |
| 07 Jan 03:13:08 | 8319 | NEWLOC | [1746 VOLLMER] |
| 07 Jan 03:15:55 | 72M4 | TRANS | [PPC ] |
| 07 Jan 03:16:06 | 71M3 | CHGLOC | [CPC, [RW] ] |
| 07 Jan 03:16:09 | 71M3 | ONSCNE | \N |
| 07 Jan 03:16:41 | \N | CROSS | #E040070043 |
| 07 Jan 03:16:44 | 8329 | REMINQ | QR.3WAG453.............. |
| 07 Jan 03:16:52 | 8329 | CLEAR | D/X:01 |
| 07 Jan 03:17:28 | \N | MISC | ,TECH REQD |
| 07 Jan 03:18:09 | 8300 | CLEAR | D/X:01 |
| 07 Jan 03:18:49 | 7W10 | MISC | ,****POSS ID ON THE 211 SUSP |
| 07 Jan 03:19:21 | 8399 | REMINQ | 4JXS781..A |
| 07 Jan 03:19:21 | 8399 | REMINQ | LIC,8399,4JXS781,,A, |
| 07 Jan 03:19:40 | 8399 | REMINQ | 4JMG935..A |
| 07 Jan 03:19:41 | 8399 | REMINQ | LIC,8399,4JMG935,,A, |
| 07 Jan 03:19:52 | 5075 | CLEAR | D/X:01 |
| 07 Jan 03:20:22 | 8339 | CLEAR | D/XA:01 |
| 07 Jan 03:21:15 | 8369 | CLEAR | D/XA:01 |
| 07 Jan 03:21:43 | 8349 | CLEAR | D/XA:01 |
| 07 Jan 03:21:54 | 72M4 | TRANSC | \N |
| 07 Jan 03:22:32 | 8359 | CLEAR | D/XA:01 |
| 07 Jan 03:23:14 | 72W4 | CLEAR | D/XA:01 |
| 07 Jan 03:30:56 | 71M2 | CLEAR | D/R:01 |
| 07 Jan 03:32:18 | 8319 | CLEAR | D/X:01 |
| 07 Jan 03:36:09 | 8399 | CLEAR | D/X:01 |
| 07 Jan 03:36:51 | 71W2 | CLEAR | D/XR:01 |
| 07 Jan 03:37:35 | 7W10 | MISC | , ON CALL ROBBERY LT STERNER TO CALL 7W10S CELL |
| 07 Jan 03:38:16 | 7C10 | CLEAR | D/X:01 |
| 07 Jan 03:54:00 | \N | CROSS | #P040070007 |
| 07 Jan 05:14:32 | 72M4 | TRANS | [JAIL ] |
| 07 Jan 05:16:07 | 72M4 | TRANSC | \N |
| 07 Jan 05:30:36 | 7W10 | CLEAR | D/X:01 |
| 07 Jan 05:44:07 | 72M4 | CLEAR | D/A:01 R:01 T/215 ,664 187 PC (ATTEMPTED MURDER) 215 PC (CARJACKING-ARMED) |
| 07 Jan 06:28:02 | 71M3 | FREE | \N |
| 07 Jan 06:47:47 | 71M2 | CLOSE | D/AR |

SAN JOSE POLICE DEPARTMENT
I HEREBY CERTIFY THIS TO BE A
TRUE COPY OF THE ORIGINAL.

BY: ___984N___

DATE: ___7/31/08___
IDENTIFICATION SECTION

CADmine *tm*

3

# Event Details Report

Run Date:  24 Jul 2008                                  Page 4 of 4

## Unit Time Summary

| Unit ID | Dispatch | Enroute | Arrive | Clear | Minutes on-scene |
|---------|----------|---------|--------|-------|------------------|
| 72M4 | 07 Jan 02:44:15 | 07 Jan 02:44:15 | 07 Jan 02:47:20 | 07 Jan 05:44:07 | 176.78 |
| 7W10 | 07 Jan 02:48:33 | 07 Jan 02:48:33 | 07 Jan 02:53:40 | 07 Jan 05:30:36 | 156.93 |
| 71W2 | 07 Jan 02:19:45 | 07 Jan 02:19:45 | 07 Jan 02:22:31 | 07 Jan 03:36:51 | 74.33 |
| 8319 | 07 Jan 02:19:43 | 07 Jan 02:19:43 | 07 Jan 02:20:08 | 07 Jan 03:32:18 | 72.17 |
| 71M2 | 07 Jan 02:19:43 | 07 Jan 02:19:43 | 07 Jan 02:20:29 | 07 Jan 03:30:56 | 70.45 |
| 8359 | 07 Jan 02:20:57 | 07 Jan 02:20:57 | 07 Jan 02:24:06 | 07 Jan 03:22:32 | 58.43 |
| 72W4 | 07 Jan 02:33:37 | 07 Jan 02:33:37 | 07 Jan 02:33:37 | 07 Jan 03:23:14 | 49.62 |
| 8399 | 07 Jan 02:40:54 | 07 Jan 02:40:54 | 07 Jan 02:46:44 | 07 Jan 03:36:09 | 49.42 |
| 7C10 | 07 Jan 02:48:28 | 07 Jan 02:48:28 | 07 Jan 02:52:21 | 07 Jan 03:38:16 | 45.92 |
| 71W1 | 07 Jan 02:20:27 | 07 Jan 02:20:27 | 07 Jan 02:27:08 | 07 Jan 03:12:13 | 45.08 |
| 8369 | 07 Jan 02:37:03 | 07 Jan 02:37:03 | 07 Jan 02:39:25 | 07 Jan 03:21:15 | 41.83 |
| 8339 | 07 Jan 02:41:25 | 07 Jan 02:41:25 | 07 Jan 02:41:25 | 07 Jan 03:20:22 | 38.95 |
| 8349 | 07 Jan 02:43:18 | 07 Jan 02:43:18 | 07 Jan 02:48:51 | 07 Jan 03:21:43 | 32.87 |
| 5075 | 07 Jan 02:48:23 | 07 Jan 02:48:23 | 07 Jan 02:48:23 | 07 Jan 03:19:52 | 31.48 |
| 8329 | 07 Jan 02:44:11 | 07 Jan 02:44:11 | 07 Jan 02:49:43 | 07 Jan 03:16:52 | 27.15 |
| 8300 | 07 Jan 02:44:38 | 07 Jan 02:44:38 | 07 Jan 02:52:20 | 07 Jan 03:18:09 | 25.82 |
| 76W1 | 07 Jan 02:20:08 | 07 Jan 02:20:08 | 07 Jan 02:46:00 | 07 Jan 03:00:36 | 14.60 |
| 71M3 | 07 Jan 02:51:03 | 07 Jan 02:51:03 | 07 Jan 03:12:09 | | 0.00 |

Total:      1,011.83

SAN JOSE POLICE DEPARTMENT
I HEREBY CERTIFY THIS TO BE A
TRUE COPY OF THE ORIGINAL.

BY: ___7|31|08___

DATE: ___9341___

IDENTIFICATION SECTION

CADmine *tm*

4

# POLICE REPORT

SAN JOSE POLICE DEPARTMENT
201 West Mission Street
San Jose, CA 95110  (408)277-4261

| | | |
|---|---|---|
| BOOKING | CASE NO. | 04-007-007 |
| INJURY | | 0007 |

| ROUTING N# | OSSD INDEX / GLETS CHECKED | UCR CODE | BEAT # | TYPE OF FORCE: Knife/Cutting Instr. |
|---|---|---|---|---|
| 647 2 | INDEXED 481N | | M3 | |

**REPORT TYPE**
CARJACKING, ASSAULT WITH A DEADLY WEAPON

| | OCCURRED | DATE | TIME | DAY |
|---|---|---|---|---|
| ON or FROM | | 1/7/2004 | 0010 | WED |
| TO | | | | |
| REPORTED | | 1/7/2004 | 0010 | WED |

LOCATION OF EVENT-PREMISES TYPE
IN THE AREA OF VIRGINIA AND KING ROAD IN SAN JOSE

---

| OSSO | "V" = VICTIM     "R" = REPORTING PARTY     "W" = WITNESS     "O" = OTHER |
|---|---|

| NDR CMU ATTNY CORONER FIRE JPD PROPERTY GUN FLDR | V1 | LAST, FIRST. MIDDLE (FIRM, IF BUSINESS) **LIONETTI, ANTHONY JOHN** | RACE X | SEX M | DOB ▮ | AGE 60 | HT 5-10 | WT 310 |
|---|---|---|---|---|---|---|---|---|

VICTIM ADVISED: ☐ SEXUAL ASSAULT  ☐ VICT/WIT ASSIST.  ☐ DOMESTIC VIOLENCE  |  INTERPRETER NEEDED:

| ADDRESS ▮ | CITY / STATE ▮ | ZIP | PHONE ▮ | DL NUMBER ▮ | STATE |
|---|---|---|---|---|---|

| BUSINESS NAME/SCHOOL NAME AND ADDRESS ▮ | CITY / STATE ▮ | ZIP | PHONE ( 408) | SSN ▮ |
|---|---|---|---|---|

| CASE MGT |
|---|

VICTIM INFORMATION: ☐ NON DISCLOSURE  ☒ INJURY  ☐ SART  ☐ BLOOD  ☐ URINE  ☐ PHOTOGRAPH

| ASSAULT ATTORNEY DOM. VIO. BURGLARY FIRE FRAUD HOMICIDE INTELL JUVENILE CA MP NCI RECORDS ROBBERY SAIU SBNE TIU VCU VICE BOMB SOD CLG CLT GC | LAST, FIRST, MIDDLE (FIRM, IF BUSINESS) | RACE | SEX | DOB | AGE | HT. | WT. |
|---|---|---|---|---|---|---|---|

VICTIM ADVISED: ☐ SEXUAL ASSAULT  ☐ VICT/WIT ASSIST.  ☐ DOMESTIC VIOLENCE  |  INTERPRETER NEEDED:

| ADDRESS | CITY / STATE | ZIP | PHONE (408) | DL NUMBER | STATE CA |
|---|---|---|---|---|---|

| BUSINESS NAME/SCHOOL NAME AND ADDRESS | CITY / STATE | ZIP | PHONE (408) | SSN |
|---|---|---|---|---|

VICTIM INFORMATION: ☐ NON DISCLOSURE  ☐ INJURY  ☐ SART  ☐ BLOOD  ☐ URINE  ☐ PHOTOGRAPH

| VICTIM VEHICLE VICTIM # | YEAR | MAKE | MODEL | BODY TYPE | COLOR | LICENSE / VIN | STATE |
|---|---|---|---|---|---|---|---|

| R/O'S NAME (LAST, FIRST, MIDDLE) | ADDRESS | CITY / STATE | ZIP | DAMAGE TO VEHICLE |
|---|---|---|---|---|

| L/ PRINTS EVIDENCE |
|---|

VICTIM VEHICLE WAS: ☐ STOLEN  ☐ IMPOUNDED  ☐ STORED  ☐ LEFT AT SCENE  ☐ RELEASED AT SCENE  ☐ HELD F/PRINTS  ☐ PRINTED

**PROPERTY (NOT FOR EVIDENCE) / COMPLETE SYNOPSIS OF INCIDENT**

| ITEM | QTY | BRAND | MODEL | DESCRIPTION OF PROPERTY | SERIAL # | VALUE |
|---|---|---|---|---|---|---|

**SAN JOSE POLICE DEPARTMENT
I HEREBY CERTIFY THIS TO BE A
TRUE COPY OF THE ORIGINAL**
BY: ▮ 9842
DATED: 7/28/08

| GUN | ITEM | QTY | MAKE OR MFG. | MODEL | CALIBER/GAUGE | TYPE | ACTION | SERIAL # | VALUE |
|---|---|---|---|---|---|---|---|---|---|
| | | | MODEL | | COLOR | | LICENSE # | FRAME # | SPEED | VALUE |

**IDENTIFICATION SECTION**

The _____ contacted the police department to report the _____ of the listed property.

This occurred _____ the victim's _____  ☐

VICTIM WAS (Check All That Apply)  |  POINT OF ENTRY  |  LOCATION  |  METHOD OF ENTRY  |  VANDALISM
DRIVING

---

| Associated Case Numbers:  04-007-0061 | | | | Additional Associated Reports: ☒ Yes |
|---|---|---|---|---|
| OFFICER'S NAME & ID NUMBER M. YBARRA #3826 | DATE 01-07-04 | SHIFT/DAYS OFF 3RD / THFS | SUPERVISOR REVIEW Sgt W Clee  ID NUMBER 2318 | DATE 1/7/04    PAGE 1 of 4 |

| REPORT TYPE | | | |
|---|---|---|---|

CARJACKING, ASSAULT WITH A DEADLY WEAPON

**SUSPECT PAGE**

CASE NO. 04-007-007

☒ BOOKED ☐ CITED ☐ 849 (b) PC ☐ COMPLAIN REVIEW ☐ INFO ONLY ☐ AT LARGE ☐ VMC ☐ SEE JCR

**S# 1** LAST, FIRST, MIDDLE **GUTIERREZ, MICHAEL DAVID**

| RACE H | SEX M | DOB 0/30/1965 | AGE 38 | HT. 6-0 | WT. 195 | HAIR BK | EYES GR |
|---|---|---|---|---|---|---|---|

AKA/MONIKER

RELATIONSHIP TO VICTIM: NONE

INTERPRETER NEEDED:

ADDRESS 1718 VIRGINIA AVE    CITY/STATE SAN JOSE, CA    ZIP    PHONE (408)    PFN BYC583

BUSINESS NAME/SCHOOL NAME AND ADDRESS    CITY/STATE    ZIP    PHONE (408)    PHOTO ID #

DL NUMBER C2442206    STATE CA    SSN    CITE#    CEN

CLOTHING BLK/WHT CHECKERED SHIRT, BLK JEANS    UNIQUE IDENTIFIERS (CII#)

| HAIR STYLE SHORT | HAIR TYPE STRAIGHT | FACIAL HAIR MUSTACHE UNSHAVEN | BUILD MEDIUM | COMPLEXION MEDIUM | WEAPONS CUTTING INST. |
|---|---|---|---|---|---|

SCARS, MARKS, TATOOS, ETC. CODE: ___ LOC: ___  DESC:

SPEECH

CLOTHING CAP/HAT    TEETH    APPEARANCE UNKEMPT/DIRTY

UNDER INFLUENCE PCP

GLASSES    HANDED

☐ ADD'L, SEE NARRATIVE

☐ BOOKED ☐ CITED ☐ 849 (b) PC ☐ COMPLAIN REVIEW ☐ INFO ONLY ☐ AT LARGE ☐ VMC ☐ SEE JCR

**S#** LAST, FIRST, MIDDLE

| RACE | SEX | DOB | AGE | HT. | WT. | HAIR | EYES |
|---|---|---|---|---|---|---|---|

AKA/MONIKER    RELATIONSHIP TO VICTIM    INTERPRETER NEEDED:

ADDRESS    CITY/STATE    ZIP    PHONE (408)    PFN

BUSINESS NAME/SCHOOL NAME AND ADDRESS    CITY/STATE    ZIP    PHONE (408)    PHOTO ID #

DL NUMBER    STATE    SSN    CITE#    CEN

CLOTHING    UNIQUE IDENTIFIERS (CII#)

| HAIR STYLE | HAIR TYPE | FACIAL HAIR | BUILD | COMPLEXION | WEAPONS |
|---|---|---|---|---|---|

SCARS, MARKS, TATOOS, ETC. CODE: ___ LOC: ___

SPEECH    CLOTHING    TEETH    APPEARANCE

**SAN JOSE POLICE DEPARTMENT. I HEREBY CERTIFY THIS TO BE A TRUE COPY OF THE ORIGINAL. BY: 934N DATE: 7/28/08 IDENTIFICATION SECTION**

GLASSES    HANDED    UNDER INFLUENCE

☐ ADD'L, SEE NARRATIVE

| SUSPECT VEHICLE SUSPECT # | YEAR | MAKE | MODEL | BODY TYPE | COLOR | LICENSE/VIN | STATE |
|---|---|---|---|---|---|---|---|

ADDITIONAL IDENTIFIERS: ☐ LOWERED ☐ RAISED ☐ SPECIAL PAINT ☐ SPECIAL WHEELS ☐ SUN ROOF/T-TOP

R/O'S NAME (LAST, FIRST, MIDDLE)    ADDRESS    CITY/STATE    ZIP    DAMAGE TO VEHICLE

SUSPECT VEHICLE WAS: ☐ STOLEN ☐ IMPOUNDED ☐ STORED ☐ LEFT AT SCENE ☐ RELEASED AT SCENE ☐ HELD F/PRINTS ☐ PRINTED

| OFFICER'S NAME & ID NUMBER M. YBARRA #3826 | DATE 01-07-04 | SHIFT/DAYS OFF 3RD / THFS | SUPERVISOR REVIEW | ID NUMBER | DATE | PAGE 2 of 4 |
|---|---|---|---|---|---|---|

**SJPD REPORT**

SAN JOSE POLICE DEPARTMENT
201 W. Mission Street
San Jose, CA 95110  277-4261

CASE NO.
*04-007-0007*

I HEREBY CERTIFY THIS TO BE A
TRUE COPY OF THE ORIGINAL

BY: 934D

| REPORT TYPE | NARRATIVE | VICTIM LAST, First, Mid. |
|---|---|---|
| Car Jacking, Assault w/ deadly weapon | | Lionetti, Anthony John |

| SUSPECT LAST, First, Mid. | SUSPECT ADDRESS | CITY/ZIP |
|---|---|---|
| Gutierrez, Michael David | 1718 Virginia Ave | San Jose |

PROPERTY (and/or NARRATIVE)

| ITEM# | QNTY | ITEM TYPE BRAND MODEL # SIZE COLOR MARKS ETC. | SERIAL # | VALUE |
|---|---|---|---|---|

IDENTIFICATION SECTION

## SYNOPSIS:

On 1/7/04 at approximately 0010 a carjacking and assault with a deadly weapon occurred in the area of Virginia and King Road in San Jose.  The suspect ordered a cab from the area of 1373 Phelps in San Jose.  The victim drove the suspect to the area of Virginia and King where the suspect pulled a knife out and threatened to kill the victim.  The Suspect ran over the victim and fled the scene with the victim's taxicab.  The taxicab was located shortly down the block in the area of McCreery / Vollmer.  The victim was transported to San Jose Medical Center for Further medical evaluation.  On associated case #04-007-0061 a suspicious person fitting the description of the suspect involved in the car jacking was reported in the area of Virginia and King in San Jose.  Initial investigating Officers made contact and the suspect was arrested on scene.  The victim of the carjacking positively identified the suspect.  The victim is in stable condition for non-life threatening injuries and the suspect was arrested and booked into county jail.

## NARRATIVE:

On 1/7/04 at approximately 0010 hours, I responded to a report of a Taxicab driver was screaming stating, that someone was trying to steal his cab.  Initial Officer on scene located the Taxicab at the corner of Vollmer/McCreery.  I arrived on scene and confirmed the vehicle abandoned.  I secured the scene and took approx 12 photos of the vehicle and lifted (1) latent print.  Officer N. Lem #2618 made contact with the victim.  The victim was transported to San Jose Hospital for further medical evaluation.  See Officer Lem's Form 3 for details.

## STATEMENT OF VICTIM ANTHONY JOHN LIONETTI, (V1):
See Officer N. Lem #2618 Form 3 for details.

I ordered a vehicle impound and per Sgt Overstreet #2202 the vehicle was placed at the Vehicle Warehouse for further investigation.  I followed the Tow-truck transporting the vehicle and booked the Taxicab into the Vehicle Warehouse as evidence.

At approximately 0218 hours, a report of a suspicious person acting crazy call occurred in the area of Virginia and King road (Case #04-007-0061).  The suspects description fit the description of the car jacking suspect.

Initial officers made contact and took custody of S1.  Officer Vaughn #3607 and Officer Jennings #3608 transported the suspect to San Jose Medical Center.  At San Jose Medical Center V1 positively identified S1 as the suspect.  Officer Vaughn and Officer Jennings transported S1 to PPC and later booked him into County Jail.

## STATEMENT OF SUSPECT MICHAEL D. GUTIERREZ, (S1):
See Officer R. Vaughn #3607 and Officer T. Jennings' #3608 Form 3 for details.

| REPORTING OFFICER | | SUPERVISOR |
|---|---|---|
| M. Ybarra   #3826 | | |

3/4

| SJPD **REPORT** | SAN JOSE POLICE DEPARTMENT 201 W. Mission Street San Jose, CA 95110 277-4261 | CASE NO. *04-007-0007* | |
|---|---|---|---|

| REPORT TYPE ☐ NARRATIVE ☐ SUPPLEMENTAL | VICTIM LAST, First, Mid. |
|---|---|
| Car Jacking, Assault w/ deadly weapon | Lionetti, Anthony John |

| SUSPECT LAST, First, Mid. | SUSPECT ADDRESS | CITY/ZIP |
|---|---|---|
| Gutierrez, Michael David | 1718 Virginia Ave | San Jose |

| PROPERTY (and/or NARRATIVE) | | | |
|---|---|---|---|
| ITEM# QNTY | ITEM TYPE BRAND MODEL # SIZE COLOR MARKS ETC. | SERIAL # | VALUE |

**PHYSICAL EVIDENCE:**

I took approximately 12 photos of the taxicab and booked the undeveloped film into the photolab locker at Central Supply. I lifted (1) latent print from the taxicab.

**END OF REPORT**

**SAN JOSE POLICE DEPARTMENT
I HEREBY CERTIFY THIS TO BE A
TRUE COPY OF THE ORIGINAL.**

BY: 934N

DATE: 7/28/08

**IDENTIFICATION SECTION**

| OFFICER'S NAME/BADGE | DAYS OFF/SHIFT | SUPERVISOR |
|---|---|---|
| M. Ybarra   #3826 | | |

| | SAN JOSE POLICE DEPARTMENT | CASE NO. |
|---|---|---|
| **SJPD REPORT** | 201 W. Mission Street<br>San Jose, CA 95110   277-4261 | 04-007-0007 |

| REPORT TYPE | ☐ NARRATIVE | ☒ SUPPLEMENTAL | VICTIM  LAST, First, Mid. | |
|---|---|---|---|---|
| SUSPECT  LAST, First, Mid. | | | SUSPECT ADDRESS | CITY/ZIP |

2004 JAN -7  AM 6: 53

| | | PROPERTY (and/or NARRATIVE) | | |
|---|---|---|---|---|
| ITEM#   QNTY | | ITEM TYPE BRAND MODEL # SIZE COLOR MARKS ETC. | SERIAL # | VALUE |

## NARRATIVE:

On 01-07-04 at approx. 0010 hrs Ofc M. Natwick #3326 and I were working SJPD Violent Crime Enforcement Team (VCET). Ofc Natwick and I responded to a reported Carjacking (215 PC) in the area of Virginia Ave at S. King Rd. Upon responding to the scene I observed the victim Lionetti lying on the ground in the middle of the block. Lionetti complained of pain to his right side and appeared to be suffering from blunt trauma injury. (see original FM2 for further).

Upon contacting Lionetti, Lionetti stated he was working driving for Checkered Cab. Lionetti stated he picked up a fare at the 7-11 located at Fruitdale at Bascom Ave. Lionetti stated the fare / suspect identified (ID) himself as "Mike." Lionetti described the suspect as a Hispanic, male, adult; 30yrs, 5'10", 180lbs, unshaven with about three (3) days growth of facial hair. The suspect was wearing a knit "watch" cap, gray checkered pendelton shirt and blue jeans.

Lionetti stated the suspect directed him to the area of Virginia Ave at S. King Rd. Upon reaching the destination the suspect stated he only had a $100.00 bill. Lionetti asked to see the $100.00 bill at which point the suspect exited the cab and attempted to walk away. Lionetti confronted the suspect outside in front of the cab leaving the driver side cab door open and demanding payment for the cab ride. Lionetti stated the suspect then brandished a folding knife, which Lionetti described as a switch blade knife. Lionetti stated he had a flashlight that he raised in self-defense. Lionetti stated the suspect then backed away but towards the open door of the cab. Lionetti stated he told the suspect to move away from the cab; however the suspect entered the cab and attempted to drive away. Lionetti stated he attempted to stop the suspect from leaving with the cab but was struck with the left side of the cab causing the above injuries. Lionetti stated the suspect then drove the cab away E/B on Virginia.

Lionetti was transported to the hospital for treatment. Police located the cab in the area of Volmer and McCreery; however, the suspect had already fled the scene and could not be located. Lionetti stated he would be able to recognize and ID the suspect if seen again. (further see original FM2).

//
//
//
Nothing further.

SAN JOSE POLICE DEPARTMENT
I HEREBY CERTIFY THIS TO BE A
TRUE COPY OF THE ORIGINAL.

BY: 9340

DATE: 7/28/08
IDENTIFICATION SECTION

| OFFICER'S NAME/BADGE | | DAYS OFF/SHIFT | SUPERVISOR |
|---|---|---|---|
| K. Mizuhara #3377 | 01-07-04 | 2nd TFS | |

| REPORT TYPE  ☒ SUPPLEMENTAL | SJPD CONTINUATION | CASE NO. |
|---|---|---|
| 215 PC | | 04-007-0007 |

1  NARRATIVE:

2  1-7-04 0013 HRS. I ARRIVED ON SCENE OF THIS 215 PC INVESTIGATION.

3  I TOOK 24 PHOTOS WHERE V-1 WAS LOCATED AT 1658 VIRGINIA AVE.

4  AND WHERE THE TAXI CAB WAS RECOVERED ON MCCREERY AVE.

5  NORTH OF VOLLMER WY. I BOOKED THE FILM AT SJPD/CENTRAL

6  SUPPLY.

7

8

9

10

11

12

13

14  **SAN JOSE POLICE DEPARTMENT**

15  **I HEREBY CERTIFY THIS TO BE A**

16  **TRUE COPY OF THE ORIGINAL.**

16  **BY:** 9340

17

18  **DATE:** 7/28/08

19  **IDENTIFICATION SECTION**

20

21

22

23

24

25

26

27

28

29

30

| OFFICER'S NAME | ID NUMBER | DATE | SHIFT/DAYS OFF | SUPERVISOR REVIEW | ID NUMBER | DATE | PG 1 OF 1 |
|---|---|---|---|---|---|---|---|
| C. PARENTE | 3094 | 1-7-04 | 215Sm | | | | |

200-3A 5/96

| REPORT TYPE  ☒ SUPPLEMENTAL | SJPD CONTINUATION | CASE NO. |
|---|---|---|
| 215 PC | | 04-007-0007 |

2004 JUN -7  AM 10:31

1  SUPPLEMENTAL: ON 01-07-03, AT APPROX. 0054 HRS, I ARRIVED AT
2  THE 7-ELEVEN STORE AT 2170 FRUITDALE AV. IN
3  SAN JOSE TO CONDUCT FOLLOW-UP REGARDING THIS CASE. (SGT. J.
4  OVERSTREET #2202 HAD REQUESTED AN OFFICER RESPOND THERE TO
5  INQUIRE ABOUT THE AVAILABILITY OF THE VIDEOTAPE FROM SECURITY
6  CAMERAS SINCE THE VICTIM & SUSPECT MIGHT HAVE BEEN AT THAT
7  STORE BEFORE THIS INCIDENT OCCURRED.)
8      UPON MY ARRIVAL AT THE STORE, I CONTACTED THE ON-DUTY
9  CLERK (CLAY LAMBERT (O-1) WHO SAID THE VIDEOTAPE SYSTEM IS
10  LOCKED IN THE MANAGER'S OFFICE & HE WAS UNABLE TO ACCESS IT.
11  O-1 THEN TOLD ME THE MANAGER (PHYLLIS SHIDELER (O-2)) USUALLY
12  ARRIVES AT THE STORE AT APPROX. 0700 HRS, O-1 ALSO GAVE ME
13  HER VOICEMAIL #. (I LEFT A MESSAGE FOR HER TO CONTACT ME
14  UP UNTIL 0700 HRS OR THE ROBBERY UNIT AFTER THAT.)
15      I THEN ASKED O-1 IF HE KNEW A CAB DRIVER WHO DRIVES AN
16  ORANGE CAB. O-1 SAID HE KNOWS "TONY" WHO IS A CABBIE FOR THE
17  YELLOW CHECKER CAB COMPANY. O-1 SAID HE REMEMBERS SEEING
18  TONY & HIS CAB SOMETIME BEFORE MIDNIGHT, BUT DIDN'T
19  REMEMBER SEEING A PERSON DESCRIBED AS A HMA, 30, WEARING
20  A BLACK & WHITE PENDLETON INSIDE OR OUTSIDE THE STORE.
21      I LEFT A REPORT RECEIPT WITH O-1 NOTING THIS CASE #
22  & ROBBERY'S PHONE # FOR FUTURE REFERENCE BEFORE I LEFT THE
23  STORE.

SAN JOSE POLICE DEPARTMENT
I HEREBY CERTIFY THIS TO BE A
TRUE COPY OF THE ORIGINAL.
BY: 9340
END OF REPORT  DATE: 7/28/08
IDENTIFICATION SECTION

| OFFICER'S NAME | ID NUMBER | DATE | SHIFT/DAYS OFF | SUPERVISOR REVIEW | ID NUMBER | DATE | PG | OF |
|---|---|---|---|---|---|---|---|---|
| Emartin | 2906 | 1-7-04 | 3/TTS | | | | 1 | 2 |

200-3A 5/96

| REPORT TYPE ☑SUPPLEMENTAL<br>215 PC | SJPD<br>**ADDITIONAL PARTIES** | CASE NO.<br>04-007-0007 |
|---|---|---|

"V" = VICTIM    "R" = REPORTING PARTY    "W" = WITNESS    "O" = OTHER

| | | | |
|---|---|---|---|
| **O-1** | LAST, FIRST, MIDDLE (FIRM, IF BUSINESS) ☐ STATE OF CA<br>LAMBERT, CLAY NMN JR. (CLERK) | RACE W ☐M ☑F DOB ▓▓▓ | AGE 43 HT 5'9 WT 180 |
| | INTERPRETER NEEDED: ☐ SPANISH ☐ VIETNAMESE | | ☐ OTHER: |

VICTIM ADVISED: ☐ SEXUAL ASSAULT ☐ VIC/WIT ASSIST. ☐ DOMESTIC VIOLENCE
ADDRESS (DECLINED)    CITY/STATE    ZIP    PHONE    DL NUMBER ▓▓▓ STATE
    ZIP    PHONE    SSN ▓▓▓

VICTIM INFORMATION: ☐ NON DISCLOSURE (WHERE APPLICABLE) ☐ INJURY ☐ SART ☐ BLOOD ☐ URINE ☐ PHOTOGRAPH

| | | | |
|---|---|---|---|
| **O-2** | LAST, FIRST, MIDDLE (FIRM, IF BUSINESS) ☐ STATE OF CA<br>SHIDELER, PHYLLIS JUNE (MANAGER) | RACE W ☐M ☑F DOB ▓▓▓ | AGE 58 HT 5'7 WT 190 |
| | INTERPRETER NEEDED: ☐ SPANISH ☐ VIETNAMESE | | ☐ OTHER: |

VICTIM ADVISED: ☐ SEXUAL ASSAULT ☐ VIC/WIT ASSIST. ☐ DOMESTIC VIOLENCE
ADDRESS (UNKNOWN FOR SURE)    CITY/STATE    ZIP    PHONE VOICEMAIL    DL NUMBER STATE
▓▓▓    ZIP    PHONE    SSN

VICTIM INFORMATION: ☐ NON DISCLOSURE (WHERE APPLICABLE) ☐ INJURY ☐ SART ☐ BLOOD ☐ URINE ☐ PHOTOGRAPH

| | | | |
|---|---|---|---|
| | LAST, FIRST, MIDDLE (FIRM, IF BUSINESS) ☐ STATE OF CA | RACE ☐M ☐F DOB | AGE HT WT |
| | INTERPRETER NEEDED: ☐ SPANISH ☐ VIETNAMESE | | ☐ OTHER: |

VICTIM ADVISED: ☐ SEXUAL ASSAULT ☐ VIC/WIT ASSIST. ☐ DOMESTIC VIOLENCE
ADDRESS    CITY/STATE    ZIP    PHONE    DL NUMBER STATE
BUSINESS NAME/SCHOOL NAME AND ADDRESS    CITY/STATE    ZIP    PHONE    SSN

VICTIM INFORMATION: ☐ NON DISCLOSURE (WHERE APPLICABLE) ☐ INJURY ☐ SART ☐ BLOOD ☐ URINE ☐ PHOTOGRAPH

| | | | |
|---|---|---|---|
| | LAST, FIRST, MIDDLE (FIRM, IF BUSINESS) ☐ STATE OF CA | RACE ☐M ☐F DOB | AGE HT WT |
| | INTERPRETER NEEDED: ☐ SPANISH ☐ VIETNAMESE | | ☐ OTHER: |

VICTIM ADVISED: ☐ SEXUAL ASSAULT ☐ VIC/WIT ASSIST. ☐ DOMESTIC VIOLENCE
ADDRESS    CITY/STATE    ZIP    PHONE    DL NUMBER STATE
BUSINESS NAME/SCHOOL NAME AND ADDRESS    CITY/STATE    ZIP    PHONE    SSN

VICTIM INFORMATION: ☐ NON DISCLOSURE (WHERE APPLICABLE) ☐ INJURY ☐ SART ☐ BLOOD ☐ URINE ☐ PHOTOGRAPH

| | | | |
|---|---|---|---|
| | LAST, FIRST, MIDDLE (FIRM, IF BUSINESS) ☐ STATE OF CA | RACE ☐M ☐F DOB | AGE HT WT |
| | INTERPRETER NEEDED: ☐ SPANISH ☐ VIETNAMESE | | ☐ OTHER: |

**SAN JOSE POLICE DEPARTMENT**
**I HEREBY CERTIFY THIS TO BE A**
**TRUE COPY OF THE ORIGINAL.**

BY: _____9340_____

DATE: _____7/28/08_____

**IDENTIFICATION SECTION**

VICTIM ADVISED: ☐ SEXUAL ASSAULT ☐ VIC/WIT ASSIST. ☐ DOMESTIC VIOLENCE
ADDRESS    CITY/STATE    ZIP    PHONE    DL NUMBER STATE
BUSINESS NAME/SCHOOL NAME AND ADDRESS    CITY/STATE    ZIP    PHONE    SSN

VICTIM INFORMATION: ☐ NON DISCLOSURE (WHERE APPLICABLE) ☐ INJURY ☐ SART ☐ BLOOD ☐ URINE ☐ PHOTOGRAPH

| VICTIM VEHICLE VICTIM # | YEAR | MAKE | MODEL | BODY TYPE | COLOR | LICENSE/VIN | STATE |
|---|---|---|---|---|---|---|---|
| R/O'S NAME (LAST, FIRST, MIDDLE) ☐ SAME AS VICTIM # | | | | ADDRESS | CITY/STATE | ZIP | DAMAGE TO VEHICLE |

VICTIM VEHICLE WAS: ☐ STOLEN ☐ IMPOUNDED ☐ STORED ☐ LEFT AT SCENE ☐ HELD F/PRINTS ☐ PRINTED

| VICTIM VEHICLE VICTIM # | YEAR | MAKE | MODEL | BODY TYPE | COLOR | LICENSE/VIN | STATE |
|---|---|---|---|---|---|---|---|
| R/O'S NAME (LAST, FIRST, MIDDLE) ☐ SAME AS VICTIM # | | | | ADDRESS | CITY/STATE | ZIP | DAMAGE TO VEHICLE |

VICTIM VEHICLE WAS: ☐ STOLEN ☐ IMPOUNDED ☐ STORED ☐ LEFT AT SCENE ☐ HELD F/PRINTS ☐ PRINTED

| OFFICER'S NAME<br>Martin | ID NUMBER<br>2776 | DATE<br>1-7-04 | SHIFT/DAYS OFF<br>3/TFS | SUPERVISOR REVIEW | ID NUMBER | DATE | PG 2 OF 2 |
|---|---|---|---|---|---|---|---|

INDX 1028N

200-2A 5/96

REPORT TYPE    ☐ SUPPLEMENTAL

CAR JACKING (215 pc)

SAN JOSE POLICE DEPARTMENT
I HEREBY CERTIFY THIS TO BE A
CONTINUATION
TRUE COPY OF THE ORIGINAL.

PAGE NO. – 007 – 0007

BY: 934N

DATE: 7/28/08

IDENTIFICATION SECTION

1. ON 1-7-04 AT APPROX. Police WERE DISPATCHED

2. TO 1651 VIRGINA AVE ON A UNKNOWN DISTURBANCE.

3. UPON ARRIVAL, WE LEARNED A CAR JACKING Had occurred.

4. I Found THE VICTIM Lying on THE STREET FACE Down NEAR

5. 1658 VIRGINA AVE. THE VICTIM Told me HE was injured,

6. but was ABLE TO TALK. THE VICTIM WAS IDENTIFIED AS

7. Anthony LIONETTI. (Yellow CAB driver)

8. (V) LIONETTI TOLD me THAT HE PICKED UP THE SUSPECT AT

9. THE 7-11 STORE ON BASCOM AVE AND FRUITVALE. THE Suspect

10. WANTED TO GO TO King AND STORY RDS. WHILE enroute

11. THERE, THE Suspect DIRECTED THE Victim To Turn down on

12. VIRGINA AVE. THE Suspect Told THE Victim, "THAT'S WERE my

13. PAD "is ". THE Victim STOPPED THE CAB in FRONT of 1658

14. VIRGINA AVE. THE Suspect Got out of THE Vehicle TO URINATE.

15. THE Victim pulled INTO THE driveway of 1658 VIRGINA AVE AND

16. WAITED FOR THE Suspect TO RETURN. A FEW MOMENTS, THE

17. Suspect Returned. THE Victim GETS out of THE CAB TO

18. COLLECT his money FROM THE Suspect. THE Suspect pulled

19. out A Knife FROM His pant pocket AREA, AND pointed it

20. AT THE Victim. THE Victim in FEAR For His LIFE, backs

21. AWAY FROM THE SUSPECT. THE Suspect jumps INTO THE CAB

22. AND Attempts TO TAKE OFF. THE Victim confronts THE

23. Suspect, Now SEATED in THE DRIVERS SIDE OF THE CAB.

24. THE Suspect's backed THE CAB onto THE STREET, WHILE

25. Doing So, THE Victim is Knocked down TO THE ground by

26. THE OPEN DRIVERS Door. THE Victim is Dragged Approx.

27. 4 FT... THE Victim Rolled over TO AVOID BEING RUN over by

28. THE FRONT TIRES. THE Suspect Goes FORWARD and THE

29. FRONT Door Struck Him Again in THE Chest AREAS AS THE

30. VEHICLE MOVED FORWARD. THE Suspect FLED W/B on VIRGINA.

| OFFICER'S NAME | ID NUMBER | DATE | SHIFT/DAYS OFF | SUPERVISOR REVIEW | ID NUMBER | DATE | PG 1 OF 2 |
|---|---|---|---|---|---|---|---|
| Neland Lem | 2618 | 1-7-04 | 3 TFS | | | | |

200-3A 5/96

| REPORT TYPE ☐ SUPPLEMENTAL | SAN JOSE POLICE DEPARTMENT | CASE NO. |
|---|---|---|

REPORT TYPE: CARJACKING (215PC)

SAN JOSE POLICE DEPARTMENT CONTINUATION

I HEREBY CERTIFY THIS TO BE A TRUE COPY OF THE ORIGINAL.

CASE NO.: GA-007-0007

BY: 934N

DATE: 7/28/08

IDENTIFICATION SECTION

1. THE VICTIM DESCRIBED THE SUSPECT AS A HISPANIC MALE,
2. IN HIS 30'S. APPROX 5-10, AND APPROX 180+ POUNDS.
3. HE WAS WEARING A DARK COLOR BEANNIE CAP. A MULTI COLOR
4. FLANNEL TYPE SHIRT AND BLUE JEANS. THE SUSPECT SPOKE
5. GOOD ENGLISH. THE VICTIM SAID THE SUSPECT WAS ACTING
6. BIZZARE LIKE HE WAS HIGH ON DRUGS. THE VICTIM DID NOT
7. SMELL AN ODER OF AN ALCOHOLIC BEV. ON THE SUSPECT.
8. THE SUSPECT ALSO HAD ABOUT 3 DAYS GROWTH OF FACIAL
9. HAIR ON HIS FACE
10. THE VICTIM WAS TRANSFERRED TO SAN JOSE MEDICAL CTR.
11. AND TREATED FOR HIS INJURIES. THE VICTIM SUSTAINED (2)
12. BROKEN RIBS. NUMEROUS ABRASINS ON THE RIGHT SIDE OF
13. HIS HEAD, ARMS, HANDS, LEGS, KNEES AND LEFT BACK AREAS
14. THE VICTIM IS ADMITTED OVER NIGHT FOR OBSERVATION.
15.
16. WHILE AT THE HOSPITAL, I WAS INFORMED BY SGT. OVERSTREET
17. # 2202 THAT A POSSIBLE SUSPECT WAS DETAINED. AN
18. INFIELD SHOW UP WAS TO BE COMPLETED SHORTLY AT THE
19. HOSPITAL. AT APPROX 0314 HRS. I ADMONISHED THE
20. VICTIM. I TOLD THE VICTIM THAT WE WANT TO SHOW YOU
21. SOMEONE WE HAVE DETAINED. THIS PERSON MAY OR MAY NOT
22. BE THE ONE PERSON WHO DID THIS TO YOU.
23. THE SUSPECT WAS BROUGHT INTO THE HOSPITAL. THE SUSPECT
24. FACED THE VICTIM DIRECTLY. THE VICTIM IMMEDIATELY STATED
25. " THAT'S HIM" THE VICTIM SAID I REMEMBER HIS FACE
26. AND CLOTHING. THE SUSPECT WAS ARRESTED, PROCESSED AND
27. BOOKED.
28. (INFIELD SHOW WAS CONDUCTED AT THE HOSPITAL DUE TO
29. THE VICTIM'S INJURIES.)
30.

| OFFICER'S NAME | ID NUMBER | DATE | SHIFT/DAYS OFF | SUPERVISOR REVIEW | ID NUMBER | DATE | PG 2 OF 2 |
|---|---|---|---|---|---|---|---|
| Noland lem | 2668 | 1-7-04 | 3 TFS | | | | |

200-3A 5/96

| SJPD REPORT | SAN JOSE POLICE DEPARTMENT<br>201 W. Mission Street<br>San Jose, CA 95110  277-4261 | CASE NO.<br>*04-007-007* | | OF | |
|---|---|---|---|---|---|

| REPORT TYPE | ☐ NARRATIVE | ☒ SUPPLEMENTAL | VICTIM  LAST, First, Mid. |
|---|---|---|---|
| 215, 664/187 | | | REFER TO FORM2 |

| SUSPECT  LAST, First, Mid. | SUSPECT ADDRESS | CITY/ZIP |
|---|---|---|
| GUTIERREZ, MICHAEL, DAVID | | |

| | PROPERTY (and/or NARRATIVE) | | |
|---|---|---|---|
| ITEM#    QNTY | ITEM TYPE BRAND MODEL # SIZE COLOR MARKS ETC. | SERIAL # | VALUE |

**SUPPLEMENTAL NARRATIVE**: On 01-07-2004 at approximately  0247 hours, Ofc. Jennings #3608 and I were in full uniform in a fully marked patrol vehicle working a two officer unit in District Mary as unit (72M4). We responded to the area of Virginia Ave and King Rd on a call of a suspicious person " acting crazy" in front of an apartment complex. The reporting party believed that the subject  was the suspect in a prior car jacking case.

The subject eventually exited the apartment and was taken into custody without incident. A folding knife was located on the (s)'s person. We transported him to the San Jose Hospital. The victim could not be moved due to his injuries. The victim positively identified (s)Gutierrez as the suspect.

(s)Gutierrez was transported to PPC. A blood sample was obtained at approximately 0425 hours. The sample was booked into the PPC evidence locker. (s)Gutierrez did not want to give a statement. (s)Gutierrez' clothes were removed. Eight photos were taken prior to removing (s)'s clothing. The photos, knife and (s) clothing were booked into the San Jose Police property room. (s)Gutierrez was booked into the Santa Clara County jail on charges of car jacking (215 PC) and attempted murder (664/187 PC).

**END OF REPORT**

SAN JOSE POLICE DEPARTMENT
I HEREBY CERTIFY THIS TO BE A
TRUE COPY OF THE ORIGINAL.
BY: _____934N_____

DATE: ___7/28/08___
IDENTIFICATION SECTION

| OFFICER'S NAME/BADGE | DAYS OFF/SHIFT | SUPERVISOR |
|---|---|---|
| VAUGHN (3607) JENNINGS (3608) | 3 TFS |  |

**SJPD REPORT**

SAN JOSE POLICE DEPARTMENT
201 W. Mission Street
San Jose, CA 95110  277-4261

| CASE NO. | | |
|---|---|---|
| *04-007-0007* | | |

| REPORT TYPE | ☐ NARRATIVE | ☒ SUPPLEMENTAL | VICTIM LAST, First, Mid. |
|---|---|---|---|
| 215 PC | | | |

| SUSPECT LAST, First, Mid. | SUSPECT ADDRESS | CITY/ZIP |
|---|---|---|
| Guiterrez, Michael | | |

| PROPERTY (and/or NARRATIVE) | | | | |
|---|---|---|---|---|
| ITEM# | QNTY | ITEM TYPE BRAND MODEL # SIZE COLOR MARKS ETC. | SERIAL # | VALUE |

**Narrative:** On 1/7/04 I was in full uniform and in a marked patrol car assigned to patrol. At approximately 0218 hrs, we received a call of a suspicious person who was acting crazy and who was possibly a suspect to the carjacking we responded to earlier. Upon arrival, I contacted several witnesses who wanted to remain anonymous. I took this statement from one of the witnesses.

**(W) Garduno's Statement:** She stated that she was over at her brother's apartment (▮▮▮▮▮ ▮▮▮▮), when (S) Gutierrez came to the door acting strange and was looking for a place to stay. He appeared to be intoxicated. Due to his strange and aggressive behavior the witnesses told him he could not stay. While (W) Garduno was outside talking to the suspect, a police officer drove by and the suspect suddenly took off his hat and began to act very nervously. He then asked for a ride out of the area. He began to act aggressively towards others present. (W) Garduno got scared and went to her apartment to call the police. While walking to her apartment she heard some of the neighbors mention that (S) Gutierrez was driving through the neighborhood in the stolen "Checker" cab a little while earlier. She called the police from her apartment.

While we were speaking to the witnesses, it was determined that the possible suspect may have been at ▮▮▮▮▮▮▮▮▮. Contact was made with the occupants of ▮▮▮▮▮▮▮▮▮ and it was confirmed that the possible suspect was inside the apartment. We evacuated the residents and made contact with the subject. After a brief negotiation, the subject agreed to come out. He was taken into custody without incident. See F-3's for further info.

**Witness Info**
Garduno, Robin Denise dob ▮▮▮▮▮

End

**SAN JOSE POLICE DEPARTMENT
I HEREBY CERTIFY THIS TO BE A
TRUE COPY OF THE ORIGINAL.**

BY: ___9340___

DATE: ___7/28/08___

**IDENTIFICATION SECTION**

| OFFICER'S NAME/BADGE | DAYS OFF/SHIFT | SUPERVISOR |
|---|---|---|
| S. Vu  #3129 | FSS/3 | |

QC
7/11

| REPORT TYPE  ☐ SUPPLEMENTAL | SJPD CONTINUATION | CASE NO. |
|---|---|---|
| CAR JACKING | | 04-007-0007 |

1  ON 1-7-04 THE V/O RESPONDED TO THE SCENE OF A CAR JACKING
2  AT VIRGINIA AND KING RDS. DURING THE INITIAL INVESTIGATION THE
3  SUSP WAS DESCRIBED AS A 30 YR OLD HMA SHAVED HEAD APPROX
4  5'8" 160 lbs. THE DESCRIPTION ALSO WAS THE SUSP HAD A FIRST
5  NAME OF MIKE. THE V/O HAD WORKED A CASE THE NIGHT before
6  WHERE A SIMILAR DESCRIBED SUSPECT HAD FLED THE SCENE OF
7  A CAR STOP AND GOT AWAY. THE V/O WAS ABLE TO IDENTIFY
8  THAT SUSPECT AS MICHAEL MAESTAS. DUE TO THE SIMILAR
9  AREA AND DESCRIPTION OF THE SUSP WHO WAS ALSO WANTED
10 ON FELONY PAROLE VIOLATION THE V/O FELT THE SUSPECT IN
11 THE CARJACKING CASE MIGHT be MAESTAS. THE V/O Contacted
12 Night Det Sgt M. BROWN. I GAVE him THIS information and
13 He contacted Robbery Detectives who Approved For THE V/O
14 TO Show A photo line up with Susp M. MAESTAS To
15 OUR CAR JACKING VICTIM. THE LINE UP WAS Shown
16 TO VICTIM LIONETTI but He DID NOT Pick Any
17 of THE Photos in the Lineup AS THE Robber in
18 THE CAR-JACKING CASE.
19
20
21 The V/O Booked the photo line-up into Property.
22
23
24                SAN JOSE POLICE DEPARTMENT
25                I HEREBY CERTIFY THIS TO BE A
                  TRUE COPY OF THE ORIGINAL.
26                BY: 934N
27
28                DATE: 7/28/08
                  IDENTIFICATION SECTION
29
30

| OFFICER'S NAME  J.W. | ID NUMBER 2201 | DATE 1-8-03 | SHIFT/DAYS OFF Mids TH-F | SUPERVISOR REVIEW | ID NUMBER | DATE | PG ___ OF ___ |

200-3A 6/96

04-007-0007

| REPORT TYPE | ☒ SUPPLEMENTAL | SJPD ADDITIONAL PARTIES | CASE NO. |
|---|---|---|---|

PC 215 · 04-007-0069

"V" = VICTIM    "R" = REPORTING PARTY    "W" = WITNESS    "O" = OTHER

**O** — LAST, FIRST, MIDDLE (FIRM, IF BUSINESS): GARDUNO, JOSEPH A.  □ STATE OF CA  RACE (M) F #  AGE 42  HT 5'11"  WT 167

INTERPRETER NEEDED: □ SPANISH □ VIETNAMESE  OTHER:

VICTIM ADVISED: □ SEXUAL ASSAULT □ VIC/WIT ASSIST. □ DOMESTIC VIOLENCE

SAN JOSE POLICE DEPARTMENT HEREBY CERTIFY THIS TO BE A TRUE COPY OF THE ORIGINAL.
BY: 9340
DATE: 7/26/08
IDENTIFICATION SECTION

| OFFICER'S NAME | ID NUMBER | DATE | SHIFT/DAYS OFF | SUPERVISOR REVIEW | ID NUMBER | DATE | PG 1 OF 3 |
|---|---|---|---|---|---|---|---|
| D. MARCHETTI | 3842 | 1/7/04 | MIDS/TFS | | | | |

INDX 1028N

200-2A 5/96

| REPORT TYPE  ☒ SUPPLEMENTAL | SJPD CONTINUATION | CASE NO. 04-007-0007 |
|---|---|---|
| PC 215 | SAN JOSE POLICE DEPARTMENT | 04-007-0007 |

I HEREBY CERTIFY THIS TO BE A TRUE COPY OF THE ORIGINAL.

BY: 9340

1  NARRATIVE:    DATE: 7/28/08
2              IDENTIFICATION SECTION

3  ON 1/7/04 AT APPROXIMATELY 0219 HOURS, I WAS DISPATCHED
4  TO ███████████████████ TO THE REPORT OF A MALE IN FRONT
5  OF THE RESIDENCE "ACTING CRAZY." THE RP STATED THE
6  MALE WAS A HISPANIC MALE, WEARING A BLACK AND WHITE
7  PENDLETON. THE DESCRIPTION OF THE SUSPICIOUS PERSON
8  MATCHED THE BOL FOR A CARJACKING SUSPECT FROM AN EVENT
9  EARLIER IN THE SAME AREA (04-007-0007).
10
11 WHEN I ARRIVED ON SCENE, THE ADDITIONAL UNITS AND I ATTEMPTED
12 TO LOCATE THE SUBJECT. AFTER THE SUBJECT WAS LOCATED
13 AND APPREHENDED, I OBTAINED THE FOLLOWING ADDITIONAL
14 INFORMATION FROM THE SUSPECT'S BROTHER, (O) GARDUNO:
15
16 STATEMENT OF OTHER PARTY GARDUNO:
17
18 (O) GARDUNO STATED THAT HE HAD HEARD FROM A FRIEND THAT
19 HIS BROTHER, (S) GUTIERREZ, WAS INVOLVED IN AN EARLIER
20 INCIDENT INVOLVING A TAXI CAB. (S) GUTIERREZ CAME TO
21 (O) GARDUNO'S RESIDENCE SHORTLY BEFORE THE REPORT OF THE
22 SUSPICIOUS PERSON WAS MADE. (O) GARDUNO STATED THAT
23 (S) GUTIERREZ WAS ACTING STRANGELY, (O) GARDUNO INVITED
24 (S) GUTIERREZ IN AND (O) GARDUNO LEFT THE RESIDENCE.
25
26 SHORTLY AFTER THAT, (O) GARDUNO WAS OUTSIDE, LEAVING THE
27 AREA WITH A FRIEND IN THE FRIEND'S VEHICLE. (S) GUTIERREZ
28 CAME OUTSIDE AND, AS (O) GARDUNO WAS LEAVING,
29 (S) GUTIERREZ SWUNG A KNIFE AT HIM. (O) GARDUNO
30 WASN'T SURE IF (S) GUTIERREZ INTENDED TO HIT HIM

| OFFICER'S NAME | ID NUMBER | DATE | SHIFT/DAYS OFF | SUPERVISOR REVIEW | ID NUMBER | DATE | PG 2 OF 2 |
|---|---|---|---|---|---|---|---|
| D. MARCHETTI | 3342 | 1/7/04 | MIDS/TFS | | | | |

200-3A 5/96

| REPORT TYPE  ☒ SUPPLEMENTAL | SJPD CONTINUATION | CASE NO. 04-007-0007 |
|---|---|---|
| PC 215 | | 04-007-0064 |

1 OR THE VEHICLE, BUT FEARED (S) GUTIERREZ WAS
2 SWINGING THE KNIFE AT HIM. (S) GUTIERREZ SCRAPED
3 THE VEHICLE. AS (O) GARDUNO WAS DRIVING OFF,
4 (S) GUTIERREZ KICKED THE TRUCK AND YELLED
5 "YOU MOTHER FUCKER," AT (O) GARDUNO.
6
7 (O) GARDUNO STATED (S) GUTIERREZ RECENTLY GOT OUT OF
8 JAIL AND HAD BEEN STAYING WITH HIM UNTIL A COUPLE
9 NIGHTS PRIOR TO THIS INCIDENT. (O) GARDUNO STATED
10 THE OTHER RESIDENTS WERE AFRAID OF (S) GUTIERREZ
11 SO HE TOLD (S) GUTIERREZ HE COULD NO LONGER
12 STAY AT HIS RESIDENCE.
13
14 (O) GARDUNO BELIEVED (S) GUTIERREZ HAS BEEN ANGRY
15 TOWARD HIM SINCE.
16
17
18                    SAN JOSE POLICE DEPARTMENT
19              I HEREBY CERTIFY THIS TO BE A
                TRUE COPY OF THE ORIGINAL.
20              BY:    9340
21
22              DATE:   7/28/08
23                   IDENTIFICATION SECTION
24
25
26
27
28
29
30

| OFFICER'S NAME V. MARCHETTI | ID NUMBER 3812 | DATE 1/7/04 | SHIFT/DAYS/OFF MIDS/TFS | SUPERVISOR REVIEW | ID NUMBER | DATE | PG 3 OF 3 |

200-3A 5/96

**SJPD REPORT**

SAN JOSE POLICE DEPARTMENT
201 W. Mission Street
San Jose, CA 95110  277-4261

| CASE NO. | |
|---|---|
| *04-007-0007* | 1 OF 1 |

| REPORT TYPE ☐ NARRATIVE  ☒ SUPPLEMENTAL | VICTIM LAST, First, Mid. |
|---|---|
| 664/187 - PC | REFER TO FORM 2 |

| SUSPECT LAST, First, Mid. | SUSPECT ADDRESS          CITY/ZIP |
|---|---|
| GUTIERREZ, MICHAEL, DAVID | |

PROPERTY (and/or NARRATIVE)

| ITEM#  QNTY | ITEM TYPE BRAND MODEL # SIZE COLOR MARKS ETC. | SERIAL #  VALUE |
|---|---|---|

**SUPPLEMENTAL NARRATIVE**:   On 01-07-2004 Officer Jennings #3608 and I took custody of suspect Gutierrez. He was positively identified as the suspect in this car jacking case. During contact with (s)Gutierrez, I observed multiple bizarre and unusual behaviors.   (s)Gutierrez would not immediately respond to questions. He had his eyes fixed off in the distance and appeared to have trouble focusing his attention. His eyes were glassy and wide open. (s)Gutierrez had dry lips and mouth. His skin was sweaty and cold.

During the ride to PPC, (s)Gutierrez repeated the same statement again and again. He stated that he had not done anything and wanted to know where he was being taken. I would answer his question and five to ten seconds later he would ask the same question again.

Inside PPC, (s)Gutierrez would be very quiet and non-responsive. Moments later he would start rambling about how he did not think he should be arrested for something he didn't do. I explained to him that I was going to read him his Miranda rights. Before I read them to him, he continuously stated that he was not going to answer any questions and wanted a lawyer. I did not read him his rights and did not ask any questions.

**END OF REPORT**

SAN JOSE POLICE DEPARTMENT
I HEREBY CERTIFY THIS TO BE A
TRUE COPY OF THE ORIGINAL.

BY: 934D

DATE: 7/28/08

IDENTIFICATION SECTION

| OFFICER'S NAME/BADGE | DAYS OFF/SHIFT | SUPERVISOR |
|---|---|---|
| VAUGHN # 3607 | 3 TFS | |

# POLICE REPORT

SAN JOSE POLICE DEPARTMENT
201 W. Mission Street
San Jose, CA 95110   (408) 277-4261

☐ INJURY
☐ BOOKING
☐ CITE & RELEASE

CASE NO. 04-007-0007
04-166-0212

| ROUTING N# 625N | OSSD INDEX / CLETS CHECK N# | UCR CODE | BEAT # M3 | TYPE OF FORCE: | ☐ HANDS/FEET  ☒ KNIFE/CUTTING INST. ☐ FIREARM  ☐ OTHER |

REPORT TYPE

ASSAULT WITH A DEADLY WEAPON

LOCATION OF EVENT - PREMISES TYPE

▬▬▬▬ — DRIVEWAY

| | OCCURRED | DATE | TIME | DAY |
|---|---|---|---|---|
| ON OR FROM | | 1-7-04 | 0010 | WED |
| TO | Per Crd 934() | | | |
| REPORTED | 2-19-04 | 1900 | THU |

"V" = VICTIM    "R" = REPORTING PARTY    "W" = WITNESS    "O" = OTHER

| OSSD | | | | | | | |
|---|---|---|---|---|---|---|---|

NDR
CMU
ATTNY
CORONER
FIRE
JPD
PROPERTY
GUN FLDR

V | GARDUNO  JOSEPH | ☐ STATE OF CA | RACE H | (M) F | DOB ▬ | AGE 43 | HT 5-11 | WT 160

VICTIM ADVISED: ☐ SEXUAL ASSAULT  ☐ VIC/WIT ASSIST.  ☐ DOMESTIC VIOLENCE

INTERPRETER NEEDED: ☐ SPANISH ☐ VIETNAMESE  ☐ OTHER: ___

ADDRESS ▬▬▬ | CITY/STATE | ZIP | PHONE | DL NUMBER ▬▬▬ | STATE

BUSINESS ▬▬▬ NAME AND ADDRESS | CITY/STATE | ZIP | PHONE | SSN

CASE MGT
ASSAULT
ATTORNEY
DOM. VIO.
BURGLARY
FIRE
FRAUD
HOMICIDE
INTELL
JUVENILE
CA
MP
NCI
RECORDS
ROBBERY
SAIU
SBNE
TIU
VCU
VICE
BOMB SOD
CLG
CLT
GC
NC
NF
NM

VICTIM INFORMATION: ☐ NON DISCLOSURE (WHERE APPLICABLE)  ☐ INJURY  ☐ SART  ☐ BLOOD  ☐ URINE  ☐ PHOTOGRAPH

| LAST, FIRST, MIDDLE (FIRM, IF BUSINESS) | ☐ STATE OF CA | RACE | M F | DOB | AGE | HT | WT |

VICTIM ADVISED: ☐ SEXUAL ASSAULT  ☐ VIC/WIT ASSIST.  ☐ DOMESTIC VIOLENCE

INTERPRETER NEEDED: ☐ SPANISH ☐ VIETNAMESE  ☐ OTHER: ___

ADDRESS | CITY/STATE | ZIP | PHONE | DL NUMBER | STATE

SAN JOSE POLICE DEPARTMENT
I HEREBY CERTIFY THIS TO BE A
TRUE COPY OF THE ORIGINAL.

BUSINESS NAME/SCHOOL NAME AND ADDRESS | CITY/STATE | PHONE | SSN

VICTIM INFORMATION: ☐ NON DISCLOSURE (WHERE APPLICABLE)  ☐ INJURY  BY ☐ SART  ☐ BLOOD  ☐ URINE  ☐ PHOTOGRAPH

| VICTIM VEHICLE | YEAR | MAKE | MODEL | BODY TYPE | COLOR | LICENSE/VIN | STATE |

DATE: 7/08/08

VICTIM # ___

R/O'S NAME (LAST, FIRST, MIDDLE) ☐ SAME AS VICTIM # ___ | ADDRESS | CITY/STATE | ZIP | DAMAGE TO VEHICLE

**IDENTIFICATION SECTION**

VICTIM VEHICLE WAS: ☐ STOLEN ☐ IMPOUNDED ☐ STORED ☐ LEFT AT SCENE ☐ RELEASED AT SCENE ☐ HELD F/PRINTS ☐ PRINTED

PROPERTY (NOT FOR EVIDENCE) / COMPLETE SYNOPSIS OF INCIDENT

| | ITEM# | QTY | BRAND | MODEL | DESCRIPTION OF PROPERTY | SERIAL NO. | VALUE |
|---|---|---|---|---|---|---|---|
| ☐ JCR | | | | | | | |
| ☐ DOMESTIC VIOLENCE | | | | | | | |
| ☐ HATE | | | | USE AS FORM 200 | | | |
| ☐ ELDER | | | | | | | |
| ☐ CHILD | | | | | | | |
| ☐ 148/243 | | | | | | | |

| | G U N | ITEM | QTY | MAKE OR MFG. | MODEL | CALIBER/GAUGE | TYPE | ACTION | SERIAL NO. | VALUE |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ GANG | | | | | | | | | | |

| | ☐ STOLEN | BOYS | MTN | MODEL | BRAND | COLOR | LICENSE # | FRAME # | SPEED | VALUE |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ PHOTOS SCENE | BICYCLE | GIRLS | ROAD | | | | | | | |

☐ LATENT PRINTS

The VICTIM/REPORTING PARTY contacted the police department to report the THEFT/LOSS/DAMAGE of the listed property. This occurred AT/NEAR/FROM the victim's VEHICLE/RESIDENCE/BUSINESS/SCHOOL. ☐ This report is made primarily for insurance purposes.

| | VICTIM WAS (Check all that apply) | POINT OF ENTRY | LOCATION | METHOD OF ENTRY | VANDALISM |
|---|---|---|---|---|---|
| ☐ DRUG FIELD TEST | ☐ AT HOME  ☐ WALKING/JOGGING/HITCHHIKING ☐ AT WORK  ☐ WEDDING/FUNERAL ☐ AT ATM  ☐ VACATION/HOSPITAL/JAIL ☐ AT SCHOOL  ☐ UNKNOWN | ☐ DOOR ☐ WINDOW ☐ GARAGE ☐ ADJ PREMISES | ☐ FRONT ☐ REAR ☐ SIDE ☐ ROOF | ☐ OPEN/UNLOCKED ☐ FORCED SCREEN ☐ CUTTING DEVICE ☐ BODY FORCE | ☐ KEYED ☐ BREAK WINDOW ☐ SHOOT WINDOW ☐ GRAFFITI |
| ☐ PROPERTY | ☐ DRIVING ☐ SLEEPING  ☐ OTHER ___ | ☐ VENT/SKYLIGHT ☐ UNKNOWN | ☐ UNKNOWN | ☐ PRY TOOL ☐ CHANNEL LOCKS | ☐ SLASHED TIRES ☐ MAILBOX |
| ☐ EVIDENCE | ☐ UNDER INF. ☐ 5150 W&I | ☐ OTHER | ☐ OTHER | ☐ BREAK GLASS ☐ REMOVE DOOR/WIN ☐ KEY | ☐ OTHER |
| ☐ DIAGRAM | ☐ HANDICAPPED | | | ☐ UNKNOWN | |

ASSOCIATED CASE NUMBERS:

| OFFICER'S NAME | ID NUMBER | DATE | SHIFT/DAYS OFF | SUPERVISOR REVIEW | ID NUMBER | DATE | PG ___ OF ___ |
|---|---|---|---|---|---|---|---|
| LOPEZ | 2728 | 6-14-04 | ROBBERY | | | | |

200-2 5/95

**SJPD** SAN JOSE POLICE DEPARTMENT
**REPORT**
201 W. Mission Street
San Jose, CA 95110  277-4261

CASE NO. 04-007-0007

| REPORT TYPE | ☐ NARRATIVE | ☒ SUPPLEMENTAL | VICTIM LAST, First, Mid. |
|---|---|---|---|
| 215 PC | | | |

| SUSPECT LAST, First, Mid. | SUSPECT ADDRESS | CITY/ZIP |
|---|---|---|
| | | |

| | PROPERTY (and/or NARRATIVE) | | |
|---|---|---|---|
| ITEM#   QNTY | ITEM TYPE BRAND MODEL # SIZE COLOR MARKS ETC. | SERIAL # | VALUE |

Upon arriving in the area of Virginia Ave at S. King Rd. I observed several citizens from the area standing outside on the sidewalk.  The location of occurrence was a residential area of apartments illuminated by streetlights.

I contacted Lionetti and observed Lionetti lying on the street approx. two-three (2-3') feet from the south sidewalk behind an unknown make model parked vehicle. Lionetti was lying on his stomach with his arm beneath his head. Lionetti appeared to be injured having redness to his face and arms consistent with blunt trauma injury. (Upon the arrival of Emergency medical personnel Lionetti's shirt was removed revealing additional redness to his upper torso also consistent with blunt trauma injury.)

Lionetti was screaming that he was hurt and believed he was dying.   Lionetti appeared emotional and excited.  I observed Lionetti was breathing heavily, sweating, excited and speaking in a rapid manner.  Lionetti was also angry and worried about his cab that had been stolen and repeatedly asked about the condition of the cab. Lionetti appeared to be under the stress of the incident; however was still coherent to speak with me.  Lionetti was able to provide a synopsis of what occurred, his location and a description of the suspect.

I advised Sgt J. Overstreet #2202 of this incident.  Refer to original FM2 for further investigation.
//
//
//
Nothing further.

**SAN JOSE POLICE DEPARTMENT**
**I HEREBY CERTIFY THIS TO BE A**
**TRUE COPY OF THE ORIGINAL.**

BY: 934D

DATE: 7/28/08
**IDENTIFICATION SECTION**

| OFFICER'S NAME/BADGE | | DAYS OFF/SHIFT | SUPERVISOR |
|---|---|---|---|
| K. Mizuhara #3377 | 01-07-04 | 2nd TFS | |

| REPORT TYPE | ☐ SUPPLEMENTAL | **SJPD SUSPECT PAGE** | CASE NO. 04-007-0007  04-166-0212 |
|---|---|---|---|

| ☒ BOOKED | ☐ CITED | ☐ 849(b) PC | ☒ COMPLAINT REVIEW | ☐ INFO ONLY | ☐ AT LARGE | ☐ VMC | ☐ SEE JCR |

**S#** | LAST, FIRST, MIDDLE: GUTIERREZ, MICHAEL | RACE: H | (M) F | DOB: 10-30-65 | AGE: 38 | HT: 6-0 | WT: 200 | HAIR: BK | EYES: GRN

AKA / MONIKER: | RELATIONSHIP TO VICTIM: | INTERPRETER NEEDED: ☐ SPANISH ☐ VIETNAMESE ☐ OTHER:

ADDRESS: | CITY/STATE: | ZIP: | PHONE: | PFN: B4C583

BUSINESS NAME/SCHOOL NAME AND ADDRESS: | CITY/STATE: | ZIP: | PHONE: | PHOTO ID#:

DL NUMBER STATE: C2442206 CA | SSN: | CITE #: | CEN:

CLOTHING: | UNIQUE IDENTIFIERS (CII#):

| HAIR STYLE | HAIR TYPE | FACIAL HAIR | BUILD | COMPLEXION | WEAPONS |
|---|---|---|---|---|---|
| ☐ AFRO | ☐ RECEDING | ☐ BEARD | ☐ HEAVY | ☐ ACNE/POCKED | ☐ CUTTING INST. |
| ☐ BALD/SHAVED | ☐ STRAIGHT | ☐ CLEAN SHAVEN | ☐ MEDIUM | ☐ DARK | ☐ HAND/FEET |
| ☐ BRAIDED | ☐ WAVY/CURLY | ☐ FU MANCHU | ☐ MUSCULAR | ☐ FRECKLED | ☐ REVOLVER |
| ☐ COLLAR | | ☐ GOATEE | ☐ POT BELLY | ☐ LIGHT | ☐ RIFLE |
| ☐ CREW CUT | | ☐ LOWER LIP | ☐ SMALL | ☐ MEDIUM | ☐ SEMI AUTO |
| ☐ LONG | **SPEECH** | ☐ MUSTACHE | ☐ THIN | | ☐ SHOTGUN |
| ☐ PONY TAIL | ☐ ACCENT | ☐ SIDE BURNS | | | ☐ SIMULATED |
| ☐ PUNK | ☐ LISP | ☐ UNSHAVEN | | **APPEARANCE** | ☐ UNKNOWN |
| ☐ SHORT | ☐ STUTTER | | **TEETH** | ☐ BODY ODOR | ☐ OTHER: |
| | | **CLOTHING** | ☐ GOLD | ☐ DISGUISE | |
| **GLASSES** | **HANDED** | ☐ CAP/HAT | ☐ MISSING | ☐ UNKEMPT/DIRTY | |
| ☐ GLASSES | ☐ LEFT | ☐ GLOVES | ☐ ROTTEN | ☐ WELL GROOMED | |
| ☐ SUNGLASSES | ☐ RIGHT | ☐ MASK | ☐ SILVER | ☐ ADD'L, SEE NARRATIVE | |

**SCARS, MARKS, TATTOOS, ETC.**
CODE: _____ LOC: _____
DESC: _____
☐ ADD'L, SEE NARRATIVE
CODE: S = SCARS   M = MARKS   P = PIERCING
T = TATTOOS   MB = MISSING BODY PTS.

**UNDER THE INFLUENCE**
☐ ALCOHOL   ☐ STIMULANT
☐ PCP   ☐ OPIATE
☐ OTHER: _____

---

| ☐ BOOKED | ☐ CITED | ☐ 849(b) PC | ☐ COMPLAINT REVIEW | ☐ INFO ONLY | ☐ AT LARGE | ☐ VMC | ☐ SEE JCR |

**S#** | LAST, FIRST, MIDDLE | RACE | M F | DOB | AGE | HT | WT | HAIR | EYES

AKA / MONIKER: | RELATIONSHIP TO VICTIM: | INTERPRETER NEEDED: ☐ SPANISH ☐ VIETNAMESE ☐ OTHER:

**SAN JOSE POLICE DEPARTMENT
I HEREBY CERTIFY THIS TO BE A
TRUE COPY OF THE ORIGINAL.**

ADDRESS: | **BY:** 934D | CITY/STATE: | ZIP: | PHONE: | PFN:

BUSINESS NAME/SCHOOL NAME AND ADDRESS: | CITY/STATE: | ZIP: | PHONE: | PHOTO ID#:

**DATE:** 7/28/08

DL NUMBER STATE: | **IDENTIFICATION SECTION** | SSN: | USE AS FORM 3A | CEN:

CLOTHING: | UNIQUE IDENTIFIERS (CII#):

| HAIR STYLE | HAIR TYPE | FACIAL HAIR | BUILD | COMPLEXION | WEAPONS |
|---|---|---|---|---|---|
| ☐ AFRO | ☐ RECEDING | ☐ BEARD | ☐ HEAVY | ☐ ACNE/POCKED | ☐ CUTTING INST. |
| ☐ BALD/SHAVED | ☐ STRAIGHT | ☐ CLEAN SHAVEN | ☐ MEDIUM | ☐ DARK | ☐ HAND/FEET |
| ☐ BRAIDED | ☐ WAVY/CURLY | ☐ FU MANCHU | ☐ MUSCULAR | ☐ FRECKLED | ☐ REVOLVER |
| ☐ COLLAR | | ☐ GOATEE | ☐ POT BELLY | ☐ LIGHT | ☐ RIFLE |
| ☐ CREW CUT | | ☐ LOWER LIP | ☐ SMALL | ☐ MEDIUM | ☐ SEMI AUTO |
| ☐ LONG | **SPEECH** | ☐ MUSTACHE | ☐ THIN | | ☐ SHOTGUN |
| ☐ PONY TAIL | ☐ ACCENT | ☐ SIDE BURNS | | | ☐ SIMULATED |
| ☐ PUNK | ☐ LISP | ☐ UNSHAVEN | | **APPEARANCE** | ☐ UNKNOWN |
| ☐ SHORT | ☐ STUTTER | | **TEETH** | ☐ BODY ODOR | ☐ OTHER: |
| | | **CLOTHING** | ☐ GOLD | ☐ DISGUISE | |
| **GLASSES** | **HANDED** | ☐ CAP/HAT | ☐ MISSING | ☐ UNKEMPT/DIRTY | |
| ☐ GLASSES | ☐ LEFT | ☐ GLOVES | ☐ ROTTEN | ☐ WELL GROOMED | |
| ☐ SUNGLASSES | ☐ RIGHT | ☐ MASK | ☐ SILVER | ☐ ADD'L, SEE NARRATIVE | |

**SCARS, MARKS, TATTOOS, ETC.**
CODE: _____ LOC: _____
DESC: _____
☐ ADD'L, SEE NARRATIVE
CODE: S = SCARS   M = MARKS   P = PIERCING
T = TATTOOS   MB = MISSING BODY PTS.

**UNDER THE INFLUENCE**
☐ ALCOHOL   ☐ STIMULANT
☐ PCP   ☐ OPIATE
☐ OTHER: _____

---

| SUSPECT VEHICLE SUSPECT # _____ | YEAR | MAKE | MODEL | BODY TYPE | COLOR | LICENSE/VIN | STATE |

ADDITIONAL IDENTIFIERS: ☐ LOWERED ☐ RAISED ☐ SPECIAL PAINT ☐ SPECIAL WHEELS ☐ SUN ROOF/T-TOP

R/O'S NAME (LAST, FIRST, MIDDLE) ☐ SAME AS VICTIM # _____ | ADDRESS | CITY/STATE | ZIP | DAMAGE TO VEHICLE

SUSPECT VEHICLE WAS: ☐ STOLEN ☐ IMPOUNDED ☐ STORED ☐ LEFT AT SCENE ☐ RELEASED AT SCENE ☐ HELD F/PRINTS ☐ PRINTED

| OFFICER'S NAME: LOPEZ | ID NUMBER: 2728 | DATE: 6-14-04 | SHIFT/DAYS OFF: | SUPERVISOR REVIEW: ROBBERY | ID NUMBER: | DATE: | PG ___ OF ___ |

200-2B 5/96

SJPD **REPORT**

SAN JOSE POLICE DEPARTMENT
201 W. Mission Street
San Jose, CA 95110  277-4261

CASE NO. 04-007-0007
~~04-166-0212~~

| REPORT TYPE | ☐ NARRATIVE | ☐ SUPPLEMENTAL | VICTIM LAST, First, Mid. |
|---|---|---|---|

SAN JOSE POLICE DEPARTMENT
I HEREBY CERTIFY THIS
TRUE COPY OF THE ORIGINAL.

BY: _____

| SUSPECT LAST, First, Mid. | SUSPECT ADDRESS | CITY/ZIP |
|---|---|---|

PROPERTY (and/or NARRATIVE)

| ITEM# | QNTY | ITEM TYPE BRAND MODEL # SIZE COLOR MARKS ETC. | SERIAL # | VALUE |
|---|---|---|---|---|

Associated case 04-007-0007    DATE: 7/28/08

## IDENTIFICATION SECTION

**On 01-07-04 at approx. 0010hrs** a carjacking / assault with a deadly weapon (04-007-0007) occurred in the driveway 1658 Virginia Ave, San Jose. The victim (cab driver) picked up the suspect outside the 7-11 store located at Bascom and Fruitvale. The suspect gave directions to the area of 1658 Virginia Ave. The suspect exited the cab and the victim followed to get his money. The suspect removed a knife and pointed it at the victim. The victim backed away and the suspect jumped into the cab. The suspect started the cab and the victim tried to confront the suspect. The suspect backed up the cab and hit the victim with the cab door. The victim was dragged a short distance and the suspect stopped. The suspect drove forward and hit the victim again. The suspect fled the area with the cab. The victim gave suspect description to police and was transported to the hospital by ambulance.

**On 01-07-04 at approx. 0218hrs** police were dispatched to a suspicious person call at ▮▮▮▮▮▮ ▮▮▮▮ Officer Marchetti # 3812 was dispatched to the incident. Officer Marchetti noted the suspicious person call matched the BOL for the carjacking suspect. The suspect was arrested and subsequently identified by the victim at the hospital.

Officer Marchetti contacted victim Garduno, Joseph (suspect's brother) after the suspect was in custody. Garduno told Officer Marchetti he was outside with a friend in the friend's vehicle. Suspect Gutierrez approached him when he was leaving and swung a knife at him. Garduno was not sure if the suspect intended to hit him or the vehicle. Garduno feared the suspect was swinging the knife at him. The suspect scrapped the vehicle with the knife. Garduno was driving off and the suspect kicked the truck and yelled out "you mother fucker".

**On 02-19-04 at approx. 1920hrs** Garduno, Joseph called me per my request. Garduno told me the suspect was his brother. Garduno gave a statement about the prior incident. The day of the incident Garduno wanted to leave with his buddy. Garduno tried to leave and the suspect pulled out knife. Garduno and his friend backed out and the suspect hit the window, scratched the door, kicked the door then stabbed the hood. The suspect said he was going to kill them so they drove off. The suspect chased them to the corner of the street so they drove off. Garduno called his sister about the incident but she had already called 911. Garduno returned and parked across the street and the police were there.

On 06-10-04 I contacted Garduno, Joseph for follow up. I asked Garduno about the knife that the suspect had the day of the above incident. Garduno told me the knife was a small folding type knife. He used his thumb and index finger to give me an approx. measurement. Based on his approx. size the knife was about 3-3 ½ inches long.

USE AS FORM 3A

| OFFICER'S NAME/BADGE | DAYS OFF/SHIFT | SUPERVISOR |
|---|---|---|
| Lopez #2728 | Robbery Unit | |

2004 JAN -7 AT 10:30

SAN JOSE POLICE DEPARTMENT
I HEREBY CERTIFY THIS TO BE A
TRUE COPY OF THE ORIGINAL.

BY: _____9340_____

DATE: __7/28/08__

IDENTIFICATION SECTION

IND X 10256N

**County of Santa Clara**
Crime Laboratory
Office of the District Attorney
1557 Berger Dr., Suite B-2
San Jose, California 95112
(408) 299-2224

**Physiological Specimen Request**
(Press hard and print clearly)

| Subject's Name | GUTIERREZ, MICHAEL | | |
|---|---|---|---|
| Requested By | T. SEA-1-1-1-1-S | | Badge # 3608 |
| Agency | S.J.P.D. | Agency Case # | 04-007-0061 |
| Technologist Taking Sample | Thao Vu | | |
| Charges | 11550 HHS | Location | PPC |

You are requested to obtain a specimen of blood, urine or breath from
the above named subject for the purpose of scientific analysis. #3608

_____ (Officer's Signature)

Date of Sample 1/7/04    Time of Sample 4:25 am
Technologist's Case # CML

Type of Specimen
Blood
Urine
Breath
Typing tube

**Observations**

Eyes _____    Speech _____
Odors _____   Attitude _____

Coordination and Balance _____

General Comments _____ left arm

_____ 1Way 1mm + label 1 zephie 1 H2O

Technologist's Signature: _____

6857 Rev.1/94    Distribution: White - Police Agency   Yellow - Technologist   Pink - Crime Lab

| REPORT TYPE | ☐ SUPPLEMENTAL | | **SJPD PROPERTY** | | CASE NO. | | ☐ HEALTH HAZARD |
|---|---|---|---|---|---|---|---|

SOURCE CODE:  "F" = FINDER   "O" = OWNER   "S" = SUSPECT   "V" = VICTIM

| SOURCE | LAST, FIRST, MIDDLE (FIRM, IF BUSINESS) | ADDRESS | CITY/STATE | ZIP | | |
|---|---|---|---|---|---|---|
| S | Gutierrez Michael D. | ☐ STATE OF CA | ☑ SAN JOSE, CA | | RES. PHONE # | PROP. ROOM CODE |
| | | | | | DOB | LOCKER |
| | | ☐ SAN JOSE, CA | | | RES. PHONE # | |
| | | | | | DOB | |
| | | ☐ SAN JOSE, CA | | | RES. PHONE # | |
| | | | | | DOB | |

| PROPERTY CODES | D = DISPOSAL REQUEST<br>E = EVIDENCE<br>F = FOUND<br>K = SAFEKEEPING<br>O = UNDER OBSERVATION | ☐ SEARCH WARRANT<br>☐ 5150 / 8102 W&I | ☐ FINDER'S CLAIM<br>☐ D.V. / 12028.5 | LOCATION CODES | L - $ = LOCKER NUMBER<br>F = FREEZER<br>R = REFRIGERATOR<br>.V = VICTIM HOLD |
|---|---|---|---|---|---|

| ITEM # | CODE | SOURCE | QTY | PROPERTY TYPE | BRAND/MAKE | MODEL | PROPERTY ROOM USE ONLY |
|---|---|---|---|---|---|---|---|
| | E | S | 2 | BOOTS | VOLCOM | | |
| SERIAL NUMBER | | | LOCATION COLLECTED ON (S) | VALUE | LOC CODE | PROCESS EVIDENCE ☐ | |
| DESCRIPTION BLK. LACE UP BOOTS | | | | | | | |

| ITEM # | CODE | SOURCE | QTY | PROPERTY TYPE | BRAND/MAKE | MODEL | PROPERTY ROOM USE ONLY |
|---|---|---|---|---|---|---|---|
| | E | S | 1 | B-BALL HAT | | | |
| SERIAL NUMBER | | | LOCATION COLLECTED ON (S) | VALUE | LOC CODE | PROCESS EVIDENCE ☐ | |
| DESCRIPTION RED/GRN, 49ER B-BALL HAT | | | | | | | |

| ITEM # | CODE | SOURCE | QTY | PROPERTY TYPE | BRAND/MAKE | MODEL | PROPERTY ROOM USE ONLY |
|---|---|---|---|---|---|---|---|
| | E | S | 1 | BLU JEANS | LEVI | | |
| SERIAL NUMBER | | | LOCATION COLLECTED ON (S) | VALUE | LOC CODE | PROCESS EVIDENCE ☐ | |
| DESCRIPTION LEVI STRAUSS BLU JEANS | | | | | | | |

| ITEM # | CODE | SOURCE | QTY | PROPERTY TYPE | BRAND/MAKE | MODEL | PROPERTY ROOM USE ONLY |
|---|---|---|---|---|---|---|---|
| | E | S | 1 | SHIRT | CHEETAH | | |
| SERIAL NUMBER | | | LOCATION COLLECTED ON (S) | VALUE | LOC CODE | PROCESS EVIDENCE ☐ | |
| DESCRIPTION CHEETAH, WHT T-SHIRT | | | | | | | |

| ITEM # | CODE | SOURCE | QTY | PROPERTY TYPE | BRAND/MAKE | MODEL | PROPERTY ROOM USE ONLY |
|---|---|---|---|---|---|---|---|
| | E | S | 1 | FLANNEL | HI CUTTING | | |
| SERIAL NUMBER | | | LOCATION COLLECTED ON (S) | VALUE | LOC CODE | PROCESS EVIDENCE ☐ | |
| DESCRIPTION BLU/WHT FLANNEL | | | | | | | |

SAN JOSE POLICE DEPARTMENT
I HEREBY CERTIFY THIS TO BE A
TRUE COPY OF THE ORIGINAL.

| AUTHORIZATION FOR RELEASE | | DISPOSITION | | DATE | TIME |
|---|---|---|---|---|---|
| | | BY: 9345 | | | |
| | | DATE: 7/28/08 | | | |
| | | IDENTIFICATION SECTION | | | |

| OFFICER'S NAME | ID NUMBER | PROPERTY CLERK | DATE/TIME | SUPR. RVW | DATE | PG 1 OF 2 |
|---|---|---|---|---|---|---|
| Whitfield | 3607 | Verona Yosh 1/7/04 0635 | | | | |

200-13 5/96

RECORDS COPY

| REPORT TYPE ☐ SUPPLEMENTAL | | SJPD PROPERTY | CASE NO. 04-007-0007 | ☐ HEALTH HAZARD |
|---|---|---|---|---|

SOURCE CODE: "F" = FINDER   "O" = OWNER   "S" = SUSPECT   "V" = VICTIM

| SOURCE | LAST, FIRST, MIDDLE (FIRM, IF BUSINESS) | ADDRESS | CITY/STATE | ZIP | | |
|---|---|---|---|---|---|---|
| S | GUTIERREZ, MICHAEL | ☐ STATE OF CA | ☑ SAN JOSE, CA | RES. PHONE # NONE | PROP. ROOM CODE |
| | | | | DOB 10-30-65 | |
| | | | ☐ SAN JOSE, CA | RES. PHONE # | LOCKER |
| | | | | DOB | |
| | | | ☐ SAN JOSE, CA | RES. PHONE # | |
| | | | | DOB | |

**PROPERTY CODES:** D = DISPOSAL REQUEST, E = EVIDENCE, F = FOUND, K = SAFEKEEPING, O = UNDER OBSERVATION

☐ SEARCH WARRANT  ☐ FINDER'S CLAIM
☐ 5150 / 8102 W&I  ☐ D.V. / 12028.5

**LOCATION CODES:** L - S = LOCKER NUMBER, F = FREEZER, R = REFRIGERATOR, V = VICTIM HOLD

| ITEM # | CODE | SOURCE | QTY | PROPERTY TYPE | BRAND/MAKE | MODEL |
|---|---|---|---|---|---|---|
| 6 | E | S | 1 | KNIFE | | |

SERIAL NUMBER | LOCATION COLLECTED (S) PERSON | VALUE | LOC CODE | PROCESS EVIDENCE
DESCRIPTION: GRAY COLORED 3½ KNIFE

PROPERTY ROOM USE ONLY

SAN JOSE POLICE DEPARTMENT
I HEREBY CERTIFY THIS TO BE A
TRUE COPY OF THE ORIGINAL.

| AUTHORIZATION FOR RELEASE | BY: | DATE 7/28/08 | TIME |
|---|---|---|---|

IDENTIFICATION SECTION

| OFFICER'S NAME JENNINGS / VAUGHN | ID NUMBER 2606 2607 | PROPERTY CLERK MCMMAQUSN | DATE/TIME 1/7/04 0635 | SUPR. RVW | DATE | PG 2 OF 2 |

200-13 5/95

| REPORT TYPE  ☐ SUPPLEMENTAL | | **SJPD PROPERTY** | CASE NO. 04 - 007 - 0007 | ☐ HEALTH HAZARD |
|---|---|---|---|---|

SOURCE CODE:  "F" = FINDER   "O" = OWNER   "S" = SUSPECT   "V" = VICTIM

| SOURCE | LAST, FIRST, MIDDLE (FIRM, IF BUSINESS) | ADDRESS | CITY/STATE | ZIP |
|---|---|---|---|---|
| ✓ | Lionetti Anthony | ☐ STATE OF CA | ☒ SAN JOSE, CA | PROP. ROOM CODE |
| | | | | DOB |
| | | | ☐ SAN JOSE, CA | RES. PHONE # / LOCKER |
| | | | | DOB |
| | | | ☐ SAN JOSE, CA | RES. PHONE # |
| | | | | DOB |

| PROPERTY CODES | D = DISPOSAL REQUEST<br>E = EVIDENCE<br>F = FOUND<br>K = SAFEKEEPING<br>O = UNDER OBSERVATION | ☐ SEARCH WARRANT<br>☐ 5150 / 8102 W&I | ☐ FINDER'S CLAIM<br>☐ D.V. / 12028.5 | LOCATION CODES | L - $ = LOCKER NUMBER<br>F = FREEZER<br>R = REFRIGERATOR<br>V = VICTIM HOLD |
|---|---|---|---|---|---|

| ITEM # 1 | CODE E | SOURCE V | QTY 1 | PROPERTY TYPE Photo Line up | BRAND/MAKE | MODEL | PROPERTY ROOM USE ONLY |
|---|---|---|---|---|---|---|---|
| SERIAL NUMBER | | LOCATION COLLECTED SJPD | | VALUE | LOC CODE | PROCESS EVIDENCE | |
| DESCRIPTION  Photo Line - Up | | | | | | | |

| ITEM # | CODE | SOURCE | QTY | PROPERTY TYPE | BRAND/MAKE | MODEL | PROPERTY ROOM USE ONLY |
|---|---|---|---|---|---|---|---|
| SERIAL NUMBER | | LOCATION COLLECTED | | VALUE | LOC CODE | PROCESS EVIDENCE ☐ | |
| DESCRIPTION | | | | | | | |

| ITEM # | CODE | SOURCE | QTY | PROPERTY TYPE | BRAND/MAKE | MODEL | PROPERTY ROOM USE ONLY |
|---|---|---|---|---|---|---|---|
| SERIAL NUMBER | | LOCATION COLLECTED | | VALUE | LOC CODE | PROCESS EVIDENCE ☐ | |
| DESCRIPTION | | | | | | | |

| ITEM # | CODE | SOURCE | QTY | PROPERTY TYPE | BRAND/MAKE | MODEL | PROPERTY ROOM USE ONLY |
|---|---|---|---|---|---|---|---|
| SERIAL NUMBER | | LOCATION COLLECTED | | VALUE | LOC CODE | PROCESS EVIDENCE ☐ | |
| DESCRIPTION | | | | | | | |

| ITEM # | CODE | SOURCE | QTY | PROPERTY TYPE | BRAND/MAKE | MODEL | PROPERTY ROOM USE ONLY |
|---|---|---|---|---|---|---|---|
| SERIAL NUMBER | | LOCATION COLLECTED | | VALUE | LOC CODE | PROCESS EVIDENCE | |
| DESCRIPTION | | | | | | | |

SAN JOSE POLICE DEPARTMENT
I HEREBY CERTIFY THIS TO BE A
TRUE COPY OF THE ORIGINAL.

| AUTHORIZATION FOR RELEASE | DISPOSITION  BY: _____ 9340 | DATE | TIME |
|---|---|---|---|
| | DATE: 7/28/08 | | |
| | IDENTIFICATION SECTION | | |
| | 0631 | | |

| OFFICER'S NAME | ID NUMBER | PROPERTY CLERK | DATE/TIME | SUPR. RVW | DATE | PG 1 OF 1 |
|---|---|---|---|---|---|---|

200-13 5/96

RECORDS COPY

| REPORT TYPE ☐ SUPPLEMENTAL | SJPD PROPERTY | CASE NO. | ☐ HEALTH HAZARD |
|---|---|---|---|
| CARJACKING | | 04-007-0007 | |

SOURCE CODE: "F" = FINDER "O" = OWNER "S" = SUSPECT "V" = VICTIM

| SOURCE | LAST, FIRST, MIDDLE (FIRM, IF BUSINESS) | ADDRESS | CITY/STATE | ZIP | | |
|---|---|---|---|---|---|---|
| D | STATE OF CA | ☐ STATE OF CA | ☐ SAN JOSE, CA | | RES. PHONE # | PROP. ROOM CODE |
| | | | | | DOB | |
| | | | ☐ SAN JOSE, CA | | RES. PHONE # | LOCKER |
| | | | | | DOB | |
| | | | ☐ SAN JOSE, CA | | RES. PHONE # | |
| | | | | | DOB | |

PROPERTY CODES: D = DISPOSAL REQUEST, E = EVIDENCE, F = FOUND, K = SAFEKEEPING, O = UNDER OBSERVATION

☐ SEARCH WARRANT ☐ 5150 / 8102 W&I ☐ FINDER'S CLAIM ☐ D.V. / 12028.5

LOCATION CODES: L-$ = LOCKER NUMBER, F = FREEZER, R = REFRIGERATOR, V = VICTIM HOLD

| ITEM #: 1 | CODE E | SOURCE O | QTY 1 | PROPERTY TYPE | BRAND/MAKE | MODEL | PROPERTY ROOM USE ONLY |
| SERIAL NUMBER | | LOCATION COLLECTED Kaiser Santa Clara | | VALUE | LOC CODE | PROCESS EVIDENCE ☐ | |

DESCRIPTION: (Cassette Tape — Statement Lionetti Anthony (Original)

| ITEM #: 2 | CODE E | SOURCE O | QTY 1 | PROPERTY TYPE | BRAND/MAKE | MODEL | PROPERTY ROOM USE ONLY |
| SERIAL NUMBER | | LOCATION COLLECTED Kaiser Santa Clara | | VALUE | LOC CODE | PROCESS EVIDENCE ☐ | |

DESCRIPTION: VHS Tape — Statement Lionetti Anthony (Originals)

| ITEM #: | CODE | SOURCE | QTY | PROPERTY TYPE | BRAND/MAKE | MODEL | PROPERTY ROOM USE ONLY |
| SERIAL NUMBER | | LOCATION COLLECTED | | VALUE | LOC CODE | PROCESS EVIDENCE ☐ | |

DESCRIPTION:

| ITEM #: | CODE | SOURCE | QTY | PROPERTY TYPE | BRAND/MAKE | MODEL | PROPERTY ROOM USE ONLY |
| SERIAL NUMBER | | LOCATION COLLECTED | | VALUE | LOC CODE | PROCESS EVIDENCE ☐ | |

DESCRIPTION:

| ITEM #: | CODE | SOURCE | QTY | PROPERTY TYPE | BRAND/MAKE | MODEL | PROPERTY ROOM USE ONLY |
| SERIAL NUMBER | | LOCATION COLLECTED | | VALUE | LOC CODE | PROCESS EVIDENCE ☐ | |

DESCRIPTION:

SAN JOSE POLICE DEPARTMENT
I HEREBY CERTIFY THIS TO BE A
TRUE COPY OF THE ORIGINAL.

| AUTHORIZATION FOR RELEASE | DISPOSITION 9340 | | DATE | TIME |

BY:
DATE: 7/28/08
IDENTIFICATION SECTION

| OFFICER'S NAME L. DOE? | ID NUMBER 2120 | PROPERTY CLERK MANNA960N | DATE/TIME 10/30/04 1444 | SUPR. RVW | DATE | PG 1 OF 1 |

RECORDS COPY

'3 5/96

| REPORT TYPE | ☐ SUPPLEMENTAL | | **SJPD** | CASE NO. | ☐ HEALTH HAZARD |
|---|---|---|---|---|---|
| CARJACKING | | | **PROPERTY** | 04-007-0001 | |

SOURCE CODE:   "F" = FINDER   "O" = OWNER   "S" = SUSPECT   "V" = VICTIM

| SOURCE | LAST, FIRST, MIDDLE (FIRM, IF BUSINESS) | ADDRESS | CITY/STATE | ZIP | | |
|---|---|---|---|---|---|---|
| ✓ | Lionett, Anthony   ☐ STATE OF CA | | ☐ SAN JOSE, CA | | RES. PHONE # | PROP. ROOM CODE |
| | | | | | DOB | |
| | | | ☐ SAN JOSE, CA | | RES. PHONE # | LOCKER |
| | | | | | DOB | |
| | | | ☐ SAN JOSE, CA | | RES. PHONE # | |
| | | | | | DOB | |

| PROPERTY CODES | D = DISPOSAL REQUEST<br>E = EVIDENCE<br>F = FOUND<br>K = SAFEKEEPING<br>O = UNDER OBSERVATION | ☐ SEARCH WARRANT<br>☐ 5150 / 8102 W&I | ☐ FINDER'S CLAIM<br>☐ D.V. / 12028.5 | LOCATION CODES | L - $ = LOCKER NUMBER<br>F = FREEZER<br>R = REFRIGERATOR<br>V = VICTIM HOLD |
|---|---|---|---|---|---|

| ITEM # | CODE | SOURCE | QTY | PROPERTY TYPE | BRAND/MAKE | MODEL | |
|---|---|---|---|---|---|---|---|
| | E | F | 1 | CLIPBOARD | | | PROPERTY ROOM USE ONLY |
| SERIAL NUMBER | | | | LOCATION COLLECTED<br>Vehicle | VALUE | LOC CODE | PROCESS EVIDENCE ☐ |
| DESCRIPTION   From Taxi Cab | | | | | | | |

| ITEM # | CODE | SOURCE | QTY | PROPERTY TYPE | BRAND/MAKE | MODEL | |
|---|---|---|---|---|---|---|---|
| | | | | | | | PROPERTY ROOM USE ONLY |
| SERIAL NUMBER | | | | LOCATION COLLECTED | VALUE | LOC CODE | PROCESS EVIDENCE ☐ |
| DESCRIPTION | | | | | | | |

| ITEM # | CODE | SOURCE | QTY | PROPERTY TYPE | BRAND/MAKE | MODEL | |
|---|---|---|---|---|---|---|---|
| | | | | | | | PROPERTY ROOM USE ONLY |
| SERIAL NUMBER | | | | LOCATION COLLECTED | VALUE | LOC CODE | PROCESS EVIDENCE ☐ |
| DESCRIPTION | | | | | | | |

| ITEM # | CODE | SOURCE | QTY | PROPERTY TYPE | BRAND/MAKE | MODEL | |
|---|---|---|---|---|---|---|---|
| | | | | | | | PROPERTY ROOM USE ONLY |
| SERIAL NUMBER | | | | LOCATION COLLECTED | VALUE | LOC CODE | PROCESS EVIDENCE ☐ |
| DESCRIPTION | | | | | | | |

| ITEM # | CODE | SOURCE | QTY | PROPERTY TYPE | BRAND/MAKE | MODEL | |
|---|---|---|---|---|---|---|---|
| | | | | | | | PROPERTY ROOM USE ONLY |
| SERIAL NUMBER | | | | LOCATION COLLECTED | VALUE | | PROCESS EVIDENCE ☐ |
| DESCRIPTION | | | | | | | |

SAN JOSE POLICE DEPARTMENT
I HEREBY CERTIFY THIS TO BE A
TRUE COPY OF THE ORIGINAL.
BY: _____ 934D

| AUTHORIZATION FOR RELEASE | DISPOSITION | | DATE | TIME |
|---|---|---|---|---|
| | DATE: 7/28/08<br>IDENTIFICATION SECTION | | | |

| OFFICER'S NAME | ID NUMBER | PROPERTY | CLERK | DATE/TIME | SUPR. RVW | DATE | |
|---|---|---|---|---|---|---|---|
| R. Lopez | 2728 | 1000 | # 94m | 12/18/04   1400 | | | PG ___ OF ___ |

RECORDS COPY

STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL
**VEHICLE REPORT**
CHP 180 (Rev. 2-99) OPI 061

NOTE: CHP 180 IS FURNISHED TO ALL PEACE OFFICERS BY THE CALIFORNIA HIGHWAY PATROL

| REPORTING DEPARTMENT | LOCATION CODE | DATE / TIME OF REPORT | NOTICE OF STORED VEHICLE DELIVERED PERSONALLY ☐ | FILE NO. |
|---|---|---|---|---|
| San Jose Police | | 1-7-04  0010 | | 04-007-0007 |

| LOCATION TOWED / STOLEN FROM | ODOMETER READING | VIN CLEAR IN SVS? ☐ YES ☒ NO | DATE / TIME DISPATCH NOTIFIED | LOG NO. |
|---|---|---|---|---|
| Virginia & King Rd | | LIC. CLEAR IN SVS? ☐ YES ☐ NO | | |

| YEAR | MAKE | MODEL | BODY TYPE | COLOR | LICENSE NO. | ☐ ONE ☐ TWO | MONTH / YEAR | STATE |
|---|---|---|---|---|---|---|---|---|
| 95 | Chev | Caprice | | Yellow | 6E02258 | | 3-31-04 | CA |

| VEHICLE IDENTIFICATION NO. | ENGINE NO. | | VALUATION BY ☐ OFFICER ☐ OWNER |
|---|---|---|---|
| 1G1BL52P XSR165259 | | ☐ 0-300 ☐ 301-4000 ☐ 4001 + ☐ $ | |

REGISTERED OWNER              LEGAL OWNER

Yellow Checker Cab Co. Inc.
615 Bird Ave.
San Jose, CA 95125

☐ SAME AS R/O

**SAN JOSE POLICE DEPARTMENT
I HEREBY CERTIFY THIS TO BE A
TRUE COPY OF THE ORIGINAL.**
BY: ____ 9340
DATE: 7/28/08

☐ STORED    ☐ IMPOUNDED    ☐ RELEASED    ☒ RECOVERED - VEHICLE / COMPONENT

| TOWING / STORAGE CONCERN (NAME, ADDRESS, PHONE) | STORAGE AUTHORITY / REASON |
|---|---|
| Mattos Tow | |

**IDENTIFICATION SECTION**

| TOWED TO / STORED AT | AIRBAG? ☐ YES ☐ NO ☐ 1 ☐ 2 | DRIVEABLE? ☐ YES ☐ NO | ☐ JUNK ☐ UNK | VIN SWITCHED? ☐ YES ☐ NO |
|---|---|---|---|---|

| CONDITION | YES | NO | ITEMS | YES | NO | ITEMS | YES | NO | TIRES / WHEELS | CONDITION |
|---|---|---|---|---|---|---|---|---|---|---|
| WRECKED | | | SEAT (FRONT) | | | REGISTRATION | | | LEFT FRONT | |
| BURNED HULK per 431(c) VC | | | SEAT (REAR) | | | ALT. / GENERATOR | | | RIGHT FRONT | |
| VANDALIZED | | | RADIO | | | BATTERY | | | LEFT REAR | |
| ENG. / TRANS. STRIP | | | TAPE DECK | | | DIFFERENTIAL | | | RIGHT REAR | |
| MISC. PARTS STRIP | | | TAPES | | | TRANSMISSION | | | SPARE | |
| BODY METAL STRIP | | | OTHER RADIO | | | AUTOMATIC | | | HUB CAPS | |
| SURGICAL STRIP per 431(b) VC | | | IGNITION KEY | | | MANUAL | | | SPECIAL WHEELS | |

| RELEASE VEHICLE TO / ☐ R/O OR AGENT ☒ AGENCY HOLD ☐ 22850.3 VC | GARAGE PRINCIPAL / AGENT STORING VEHICLE (SIGNATURE) | DATE / TIME |
|---|---|---|
| Robert Lopez 2728 | | |

| NAME OF PERSON / AGENCY AUTHORIZING RELEASE | I.D. NO. | DATE | CERTIFICATION: I, THE UNDERSIGNED, DO HEREBY CERTIFY THAT I AM LEGALLY AUTHORIZED AND ENTITLED TO TAKE POSSESSION OF THE ABOVE DESCRIBED VEHICLE. |
|---|---|---|---|
| Sgt. Miller | D17 | 1/8/04 | |

| SIGNATURE OF PERSON AUTHORIZING RELEASE | SIGNATURE OF PERSON TAKING POSSESSION |
|---|---|

☒ STOLEN VEHICLE / COMPONENT    ☐ EMBEZZLED VEHICLE    ☐ PLATE(S) REPORT

| DATE / TIME OF OCCURRENCE | DATE / TIME REPORTED | NAME OF REPORTING PARTY (R/P) | DRIVER LICENSE NO. / STATE |
|---|---|---|---|
| | | Lionetti, Anthony | |

| LAST DRIVER OF VEHICLE | DATE / TIME | ADDRESS OF R/P | TELEPHONE OF R/P |
|---|---|---|---|
| Same | | | ( ) |

I CERTIFY OR DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

SIGNATURE OF PERSON MAKING REPORT    2728

**REMARKS**
[LIST PROPERTY, TOOLS, VEHICLE DAMAGE, ARRESTS]

| DRIVER'S NAME | ARRESTED / SECTION? ☐ YES ☐ NO | REPORTED BY | CARGO / TYPE? ☐ YES ☐ NO | VALUE $ ☐ BILL OF LADING ATTACHED |
|---|---|---|---|---|

Held for evidence in Police Warehouse

Impounded 0122 hrs no report done VTS Neighborhood Robbery



| THEFT | PROWL | Out Rcvry |
|---|---|---|
| Vin Chk | Fel Veh | Held Veh |

FRONT    LEFT SIDE    RIGHT SIDE    REAR    TOP

| SIGNATURE OF OFFICER TAKING REPORT | I.D. NO. | SUPERVISOR | REQUIRED NOTICES SENT TO REGISTERED AND LEGAL OWNERS PER 22852 VC? ☒ YES ☐ NO | DATE NOTIFIED |
|---|---|---|---|---|
| | 2728 | | | 1-04 6/6V |

OSP 99 18768    c180_299.frp

## STOLEN / EMBEZZLED NARRATIVE

| 1. AREA | 2. TAKEN FROM | | | | 3. REGISTRATION IN VEHICLE? |
|---|---|---|---|---|---|
| ☐ RURAL  ☐ URBAN | ☐ STREET   ☐ PARKING LOT   ☐ GARAGE   ☐ DRIVEWAY   ☐ OTHER | | | | ☐ YES   ☐ NO |

| 4. WAS NEIGHBORHOOD CHECKED FOR VEHICLE, WITNESSES, CLUES, OTHER CRIMES? ☐ YES ☐ NO | 5. PAYMENTS CURRENT? ☐ YES ☐ NO | 6. DOORS LOCKED? ☐ YES ☐ NO | 7. KEYS IN VEHICLE? ☐ YES ☐ NO | 8. ALL KEYS ACCOUNTED FOR? ☐ YES ☐ NO |
|---|---|---|---|---|

| 9. WHEN WAS VEHICLE LAST SERVICED? | 10. WHERE? | 11. IS THIS THE USUAL MECHANIC? ☐ YES ☐ NO |
|---|---|---|

| 12. RECENTLY LEFT IN PARKING GARAGE OR PARKING VALET SERVICE? ☐ YES ☐ NO | 13. IF YES, WHERE? | 14. VEHICLE EQUIPPED WITH ORIGINAL ENGINE? ☐ YES ☐ NO ☐ UNK |
|---|---|---|

| 15. ORIGINAL TRANSMISSION? ☐ YES ☐ NO | 16. ORIGINAL PAINT? ☐ YES ☐ NO | 17. IF ANSWER TO 14, 15, OR 16 IS NO, PROVIDE ADDITIONAL INFORMATION, SERIAL NO., ORIGINAL COLOR, ETC. |
|---|---|---|

| 18. HAS VEHICLE BEEN PREVIOUSLY INVOLVED IN AN ACCIDENT? ☐ YES ☐ NO | 19. IF YES, HAS DAMAGE BEEN FIXED? ☐ YES ☐ NO | 20. PARTS DAMAGED |
|---|---|---|

| 21. FACTORY EQUIPPED RADIO? ☐ YES ☐ NO | 22. IF NO, MAKE AND SERIAL NO. | 23. DOES VEHICLE HAVE LOCKING GAS CAP? ☐ YES ☐ NO |
|---|---|---|

| 24. IS VEHICLE FULLY INSURED? ☐ YES ☐ NO | 25. NAME / ADDRESS OF INSURANCE COMPANY |
|---|---|

26. NAME / ADDRESS OF NEAREST RELATIVE NOT LIVING WITH R/P

27. IDENTIFYING MARKS, BUMPER STICKERS, ADD ON EQUIPMENT, ETC.

| 28. SUSPECT NAME | DRIVER LICENSE NO. / STATE | ADDRESS |
|---|---|---|
| HEIGHT | WEIGHT | EYES | HAIR | MISC. |

## RECOVERY NARRATIVE

29. NAME, DATE AND CASE NUMBER OF REPORTING AGENCY

| 30. AREA RECOVERED ☐ RURAL ☐ URBAN | 31. DESCRIPTION OF RECOVERY AREA | 32. RECOVERY ☐ COMPLETE  ☐ PARTIAL |
|---|---|---|

| 33. ANY EVIDENCE LOCATED? ☐ YES ☐ NO | 34. WITNESSES, CLUES AND OTHER CRIMES | 35. HAVE MISSING, IDENTIFIABLE PARTS BEEN ENTERED IN SVS? ☐ YES ☐ NO |
|---|---|---|

## COMPONENT RECOVERY

| 36. DESCRIPTION | 37. SERIAL NO. |
|---|---|

## NARRATIVE

**SAN JOSE POLICE DEPARTMENT**
**I HEREBY CERTIFY THIS TO BE A**
**TRUE COPY OF THE ORIGINAL.**

BY: _____934N_____

DATE: 7/28/08

**IDENTIFICATION SECTION**

STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL
**VEHICLE REPORT**
CHP 180 (Rev. 2-99) OPI 061

NOTE: CHP 180 IS FURNISHED TO ALL PEACE
OFFICERS BY THE CALIFORNIA HIGHWAY PATROL

| REPORTING DEPARTMENT | LOCATION CODE | DATE / TIME OF REPORT | NOTICE OF STORED VEHICLE DELIVERED PERSONALLY | FILE NO. |
|---|---|---|---|---|
| SAN JOSE P.D. | M3 | 1/7/04 0108 | ☐ | 04.007.0007 |

| LOCATION TOWED / STOLEN FROM | | ODOMETER READING | VIN CLEAR IN SVS? ☒ YES ☐ NO | DATE / TIME DISPATCH NOTIFIED | LOG NO. |
|---|---|---|---|---|---|
| MCREERY / VOLLMER | | 243807 | LIC. CLEAR IN SVS? ☒ YES ☐ NO | | |

| YEAR | MAKE | MODEL | BODY TYPE | COLOR | LICENSE NO. | ☐ ONE | MONTH / YEAR | STATE |
|---|---|---|---|---|---|---|---|---|
| 95 | CHEV | CAPRICE | 4dr | ORANGE | 6E02258 | ☐ TWO | | CA |

| VEHICLE IDENTIFICATION NO. | ENGINE NO. | VALUATION BY ☒ OFFICER ☐ OWNER |
|---|---|---|
| 1G1BL52PXSR16525 9 | | ☐ 0-300  ☐ 301-4000  ☒ 4001 +  ☐ $ |

| REGISTERED OWNER | LEGAL OWNER |
|---|---|
| Yellow Checker Cab, 615 Bird Ave, San Jose, CA 95125 | ☒ SAME AS R/O |

| ☒ STORED | ☒ IMPOUNDED | ☐ RELEASED | ☒ RECOVERED - VEHICLE / COMPONENT |
|---|---|---|---|

TOWING / STORAGE CONCERN (NAME, ADDRESS, PHONE)  MATOS TOWING  670 N. KING Rd.  259-2000    STORAGE AUTHORITY / REASON  22655.5

| TOWED TO / STORED AT | AIRBAG? | DRIVEABLE? | | VIN SWITCHED? |
|---|---|---|---|---|
| ☒ PROPERTY STORAGE/IMPOUND | ☒ YES ☐ NO ☐ 1 ☐ 2 | ☒ YES ☐ NO ☐ JUNK ☐ UNK | | ☐ YES ☒ NO |

| CONDITION | YES | NO | ITEMS | YES | NO | ITEMS | YES | NO | ITEMS | YES | NO | WHEELS / WHEELS | CONDITION |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| WRECKED | | | SEAT (FRONT) | / | | REGISTRATION | | | CAMPER | | | LEFT FRONT | OK |
| BURNED HULK per 431(c) VC | | | SEAT (REAR) | / | | ALT. / GENERATOR | | | VESSEL AS LOAD | | | RIGHT FRONT | |
| VANDALIZED | | | RADIO | / | | BATTERY | | | FIREARMS | | | LEFT REAR | |
| ENG. / TRANS. STRIP | | | TAPE DECK | | | DIFFERENTIAL | | | OTHER | | | RIGHT REAR | √ |
| MISC. PARTS STRIP | | | TAPES | | | TRANSMISSION | | | | | | SPARE | OK |
| BODY METAL STRIP | | | OTHER RADIO | | | AUTOMATIC | √ | | | | | HUB CAPS | NONE |
| SURGICAL STRIP per 431(b) VC | | | IGNITION KEY | / | | MANUAL | | | | | | SPECIAL WHEELS | NONE |

| RELEASE VEHICLE TO: | ☐ R/O OR AGENT | ☒ AGENCY HOLD | ☐ 22850.3 VC | GARAGE PRINCIPAL / AGENT STORING VEHICLE (SIGNATURE) | DATE / TIME |
|---|---|---|---|---|---|
| ROBBERY | | | | 12T MIKE | 1/7/04 |

| NAME OF PERSON / AGENCY AUTHORIZING RELEASE | I.D. NO. | DATE | CERTIFICATION: I, THE UNDERSIGNED, DO HEREBY CERTIFY THAT I AM LEGALLY AUTHORIZED AND ENTITLED TO TAKE POSSESSION OF THE ABOVE DESCRIBED VEHICLE. |
|---|---|---|---|
| SIGNATURE OF PERSON AUTHORIZING RELEASE | | | SIGNATURE OF PERSON TAKING POSSESSION |

| ☐ STOLEN VEHICLE / COMPONENT | ☐ EMBEZZLED VEHICLE | ☐ PLATE(S) REPORT |
|---|---|---|

| DATE / TIME OF OCCURRENCE | DATE / TIME REPORTED | NAME OF REPORTING PARTY (R/P) | DRIVER LICENSE NO. / STATE |
|---|---|---|---|
| LAST DRIVER OF VEHICLE | DATE / TIME | ADDRESS OF R/P | TELEPHONE OF R/P ( ) |

I CERTIFY OR DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

SIGNATURE OF PERSON MAKING REPORT

**REMARKS**
[LIST PROPERTY, TOOLS, VEHICLE DAMAGE, etc.]

SAN JOSE POLICE DEPARTMENT
I HEREBY CERTIFY THIS TO BE A
TRUE COPY OF THE ORIGINAL

BY: 9340

DATE: 7/28/08
IDENTIFICATION SECTION

| DRIVER'S NAME | ARRESTED / SECTION? | REPORTED BY | VALUE | BILL OF LADING ATTACHED |
|---|---|---|---|---|
| | ☐ YES ☐ NO | | | |

DENTS & DINGS 360°



FRONT    LEFT SIDE    RIGHT SIDE    REAR    TOP

| SIGNATURE OF OFFICER TAKING REPORT | I.D. NO. | SUPERVISOR | REQUIRED NOTICES SENT TO REGISTERED AND LEGAL OWNERS PER 22852 VC? | DATE NOTIFIED |
|---|---|---|---|---|
| M. YBARRA | 3826 | | ☐ YES ☐ NO | |

OSP 99 18768

CC: ATU / RATTF

c180_299.frp

## STOLEN / EMBEZZLED NARRATIVE

| 1. AREA ☐ RURAL ☑ URBAN | 2. TAKEN FROM ☐ STREET ☐ PARKING LOT ☐ GARAGE ☐ DRIVEWAY ☐ OTHER | 3. REGISTRATION IN VEHICLE? ☐ YES ☐ NO |

| 4. WAS NEIGHBORHOOD CHECKED FOR VEHICLE, WITNESSES, CLUES, OTHER CRIMES? ☐ YES ☐ NO | 5. PAYMENTS CURRENT? ☐ YES ☐ NO | 6. DOORS LOCKED? ☐ YES ☐ NO | 7. KEYS IN VEHICLE? ☐ YES ☐ NO | 8. ALL KEYS ACCOUNTED FOR? ☐ YES ☐ NO |

9. WHEN WAS VEHICLE LAST SERVICED?        10. WHERE?        11. IS THIS THE USUAL MECHANIC? ☐ YES ☐ NO

12. RECENTLY LEFT IN PARKING GARAGE OR PARKING VALET SERVICE? ☐ YES ☐ NO        13. IF YES, WHERE?        14. VEHICLE EQUIPPED WITH ORIGINAL ENGINE? ☐ YES ☐ NO ☐ UNK

15. ORIGINAL TRANSMISSION? ☐ YES ☐ NO        16. ORIGINAL PAINT? ☐ YES ☐ NO        17. IF ANSWER TO 14, 15, OR 16 IS NO, PROVIDE ADDITIONAL INFORMATION, SERIAL NO., ORIGINAL COLOR, ETC.

18. HAS VEHICLE BEEN PREVIOUSLY INVOLVED IN AN ACCIDENT? ☐ YES ☐ NO        19. IF YES, HAS DAMAGE BEEN FIXED? ☐ YES ☐ NO        20. PARTS DAMAGED

21. FACTORY EQUIPPED RADIO? ☐ YES ☐ NO        22. IF NO, MAKE AND SERIAL NO.        23. DOES VEHICLE HAVE LOCKING GAS CAP? ☐ YES ☐ NO

24. IS VEHICLE FULLY INSURED? ☐ YES ☐ NO        25. NAME / ADDRESS OF INSURANCE COMPANY

26 NAME / ADDRESS OF NEAREST RELATIVE NOT LIVING WITH R/P

SAN JOSE POLICE DEPARTMENT
I HEREBY CERTIFY THIS TO BE A
TRUE COPY OF THE ORIGINAL.

27. IDENTIFYING MARKS, BUMPER STICKERS, ADD ON EQUIPMENT, ETC.

BY: _____

28. SUSPECT NAME        DRIVER LICENSE NO. / STATE    ADDRESS

DATE MISC 7/28/08

HEIGHT        WEIGHT        EYES        HAIR        IDENTIFICATION SECTION

## RECOVERY NARRATIVE

29. NAME, DATE AND CASE NUMBER OF REPORTING AGENCY    *SAN JOSE P.D.    04-007-0007*

| 30. AREA RECOVERED ☐ RURAL ☑ URBAN | 31. DESCRIPTION OF RECOVERY AREA *WET, STREET, LIGHT* | 32. RECOVERY ☑ COMPLETE ☐ PARTIAL |

| 33. ANY EVIDENCE LOCATED? ☑ YES ☐ NO | 34. WITNESSES, CLUES AND OTHER CRIMES | 35. HAVE MISSING, IDENTIFIABLE PARTS BEEN ENTERED IN SVS? ☐ YES ☐ NO |

## COMPONENT RECOVERY

36. DESCRIPTION        37. SERIAL NO.

## NARRATIVE

*ON 1-7-04 @ APPROX 0100 A CAR JACKING OCCURRED IN THE AREA OF KING / VIRGINIA IN SAN JOSE. RESPONDING OFFICER CIRCULATED THE AREA OF LOCATED THE ABOVE VEHICLE ABANDONED @ THE CORNER OF McCREERY / VOLLMER IN SAN JOSE, APPROX. 1/2 MILE FROM WHERE THE CAR JACKING OCCURRED. LATENT PRINTS WERE LIFTED AND PHOTOS WERE TAKEN FROM THE CAR AS EVIDENCE. THE SUSPECT IS STILL AT LARGE.*

1
## DECLARTION OF ELECTRONIC SERVICE

2
*Gutierrez v. Yates*, Case No. C 07-3668 RMW (PR)

3
      At the time of service, I was over 18 years of age and not a party to the action.  My
business address is 221 North Figueroa Street, Suite 1200, Los Angeles, California  90012.

4

5
      On September 15, 2008September 15, 2008, I served the following document(s):

6
**TRAVERSE OF PETITIONER MICHAEL DAVID GUTIERREZ TO RESPONDENT'S
ANSWER TO ORDER TO SHOW CAUSE**

7
      I served the documents on the following persons at the following addresses (including fax
numbers and e-mail addresses, if applicable):

8

9
EDMUND G. BROWN JR., Esq.                    Attorneys for Respondent
Attorney General of the State of

10
California

11
DANE R. GILLETTE., Esq.
GERALD A. ENGLER., Esq.

12
GREGORY A. OTT., Esq.
ALLEN R. CROWN., Esq.

13
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004

14
Telephone:    (415) 703-5847

15
Fax:        (415) 703-1234

16
      The documents were served by the following means:

17
**[X]        (BY COURT'S CM/ECF SYSTEM)**  Pursuant to Local Rule, I electronically filed

18
             the documents with the Clerk of the Court using the CM/ECF system, which sent
             notification of that filing to the persons listed above.

19
      I declare under penalty of perjury under the laws of the State of California that the above

20
is true and correct.

21

22
             Executed on September 15, 2008September 15, 2008, at Los Angeles, California.

23
      I declare under penalty of perjury under the laws of the United States that the

24
foregoing is true and correct and was executed on September 15, 2008 at Los Angeles,

25
California.

26
Robert Mendosa

27
Type or Print Name                                    Signature

28